UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 09-MD-2087<br><br>ORDER RE APPOINTMENT OF CO-LEAD COUNSEL FOR CONSOLIDATED CLASS ACTION |

Upon the motion of Plaintiffs Andrew Dremak, Randall Scott Shortridge, Nicholas Torres, Raymond Ortiz, II, Melissa Reed, and Courtney J. Walker for appointment of Co-Lead Class Counsel and it appearing to the Court that the appointment of Co-Lead Class Counsel is necessary to the efficient administration of this case it is hereby ORDERED as follows:

I. **APPOINTMENT AND ORGANIZATION OF PLAINTIFFS' COUNSEL**

A. <u>**Appointment of Co-Lead Counsel for Class Action Lawsuits**</u>

Timothy G. Blood of Blood, Hurst & O'Reardon, LLP ("BHO") and Andrew S. Friedman of Bonnett, Fairbourn, Friedman & Balint, P.C. ("Bonnett Fairbourn") are appointed as Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23 (g)(3) to act on behalf of the Plaintiffs in the following Class Actions: *David Chancellor v. Iovate Health Sciences, U.S.A., Inc., et al.*, No. 2:09-438; *Amy Baker v. MuscleTech Research and Development, Inc., et al.*, No. 2:09-872; *Kyle Davis, et al. v. Iovate Health Sciences, U.S.A., Inc., et al.*, No. 2:09-896; *Christopher Lopez, et al. v. Iovate Health Sciences, Inc., et al.*, No. 2:09-1473; *Robert Manley, et al. v. Iovate Health Sciences, Inc., et al.*, No. 3:09-2517; *Cody Coleman, et al. v. Iovate Health Sciences, U.S.A., Inc., et al.*, No. 3:09-988; *Connie L. Williams v. Iovate Health Sciences, Inc., et al.*, No. 3:09-

1020; *Andrew Dremak v. Iovate Health Sciences Group, Inc.*, No. 3:09-1088; *Patricia Major, et al. v. Iovate Health Sciences, Inc., et al.*, No. 1:09-21501; *Enjoli Pennier v. Iovate Health Sciences, U.S.A., Inc., et al.*, No. 2:09-3533; *James Faherty v. Iovate Health Sciences, U.S.A., Inc., et al.*, No. 1:09-10732; *Clifford Kafka v. Iovate Health Sciences, Inc., et al.*, No. 2:09-2163; *Raymond Ortiz, II, et al. v. Iovate Health Sciences, U.S.A., Inc., et al.*, No. 2:09-2424, *Patricia Akins, et al. v. Iovate Health Sciences, U.S.A., Inc., et al.*, No. 3:09-450; *Christopher Lopez, et al. v. Iovate Health Sciences, Inc., et al.*, No. 2:09-1473; *Flor E. Mendoza, et al. v. Iovate Health Sciences,U.S.A., Inc., et al.*, No. 1:09-3415; *Sarah Kwon v. Iovate Health Sciences USA, Inc., et al.*, No 3:09-02522; *Vincent Tornambe v. Iovate Health Sciences USA, Inc., et al.*, No. 09-1620; *Hawkins v. Iovate Health Sciences, Inc.*, No. 3:09-02474 (hereafter collectively referred to as the "Class Actions"). As Co-Lead Class Counsel, Messrs. Blood and Friedman shall maintain a current list of all Class Actions.

   **B.**   **Responsibilities of Co-Lead Counsel**

   1.   Co-Lead Class Counsel are expected to maintain communications and promote harmonious dealings among all Plaintiffs' counsel for their respective actions. Co-Lead Class Counsel also shall coordinate with each other as required during the course of pretrial proceedings. Co-Lead Class Counsel shall be responsible for and have plenary authority to provide general supervision of the activities of Plaintiffs' counsel in the Class Actions. Specifically, Co-Lead Class Counsel shall have the authority to:

   a.   Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs in the Class Actions on all matters arising during pretrial proceedings;

   b.   Coordinate and conduct discovery on behalf of Plaintiffs in the Class Actions consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including any discovery and scheduling orders that the Court may issue, including the

preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

   c. Host or co-host a common document depository for the Plaintiffs and monitor the review of documents to ensure proper performance and non-duplication of effort;

   d. Coordinate the selection and preparation of expert witnesses for the Plaintiffs in the Class Actions;

   e. Conduct settlement negotiations on behalf of Plaintiffs in the Class Actions;

   f. Delegate specific tasks to other counsel and appoint such informal committees of counsel as necessary to ensure that pretrial preparation for the Plaintiffs in the Class Actions is conducted efficiently and effectively;

   g. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

   h. Prepare and distribute periodic status reports for the Plaintiffs to the Court and/or the parties;

   i. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

   j. Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court.

  2. Co-Lead Class Counsel also shall maintain lists of all Plaintiffs' counsel and their respective addresses and will be responsible for receiving and distributing to all Plaintiffs' counsel in the Class Actions all notices, orders and other communications from the Court.

  3. No pleadings or other papers shall be filed or tasks performed by Plaintiffs' Counsel in the Class Actions without the advance approval of Co-Lead Class Counsel. No discovery shall be conducted by the Class Plaintiffs without the advance approval of Plaintiffs' Co-Lead Class Counsel. This is intended to prevent duplication of pleadings,

    4. All Plaintiffs' counsel in the Class Actions shall submit to Co-Lead Class Counsel as appropriate a record of time expended and expenses incurred in the manner, form and frequency directed by Co-Lead Class Counsel.

## II. NOTICE OF SUBSEQUENTLY FILED CASES

This order shall apply to each case arising out of the same or substantially the same transactions or events which are subsequently filed in, removed to or transferred to this Court, unless a party objecting to any provision of this order files an application for modification within ten days after such party receives a copy of this order and this Court deems it appropriate to grant the application.

## III. ADMISSION OF ATTORNEYS

All attorneys of record to the parties who appeared in actions in a transferor court prior to transfer to this MDL need not enter an additional appearance before this Court.  Moreover, attorneys admitted to practice and in good standing of any United States District Court are admitted to practice in this litigation pursuant to Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  Association of local counsel is not required.  Counsel are expected to familiarize themselves with prior court orders and proceedings as well as the local rules of the Southern District of California.

## IV. SERVICE OF DOCUMENTS

The parties will comply with the Electronic Case Filing (ECF) Administrative Policies and Procedures Manual for the Southern District of California for all documents submitted for filing before this court.  Service through ECF shall be deemed sufficient with no additional service required.  For documents to be served but not filed, service on Co-Lead Class Counsel

constitutes service on all other attorneys or parties in the Class Actions and service may be made electronically pursuant to Fed. R. Civ. P. 5, written consent of Co-Lead Class Counsel having been obtained.

## V. COMMUNICATION AMONG COUNSEL

The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity.  Similarly, the mere communication of information among and between counsel for Defendants shall not be deemed a waiver of any applicable privilege.

## VI. MISCELLANEOUS

Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in this action.

IT IS SO ORDERED.

DATED:  March 8, 2010

_____
HONORABLE BARRY TED MOSKOWITZ
UNITED STATES DISTRICT COURT JUDGE