# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | CASE NO. 09MD2087-BTM (AJB)<br>(S.D. Cal. No. 09CV2492) |
| HECTOR MANUEL ABARCA and DIANA CURIEL,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>IOVATE HEALTH SCIENCES U.SA., INC., IOVATE HEALTH SCIENCES GROUP, INC., IOVATE HEALTH RESEARCH, INC., IOVATE HC 2005 FORMULATIONS, LTD., IOVATE HEALTH SCIENCES INTERNATIONAL, INC., MUSCLETECH RESEARCH AND DEVELOPMENT, LTD., HDM FORMULATIONS LTD., KERR INVESTMENT HOLDING CORPORATION and GENERAL NUTRITION CENTERS, INC.,<br><br>　　　　　　　Defendants. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FRAUD CLAIM (COUNT VIII)** |

　　　　Defendants Iovate Health Sciences U.S.A., Inc., Iovate Health Sciences Research, Inc., Iovate Health Sciences International, Inc., Muscletech Research and Development, Ltd., HDM Formulations Ltd., and General Nutrition Centers, Inc. ("Defendants") have filed a motion to

dismiss Plaintiffs' fraud claim as pled in Count VIII of Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 9(b) ("Motion"). For the reasons set forth below, Defendants' Motion is **GRANTED** with leave to amend. The Court grants the Motion on the grounds that the Complaint fails to allege facts sufficient to state a claim of fraud against the Defendants. Plaintiffs shall have 21 days to file any amended complaint addressing the deficiencies as set forth herein.

## I. BACKGROUND

On August 24, 2009, Plaintiffs filed a complaint (the "Complaint") in the District Court for the Northern District of California (N.D. Cal. Case No. C09-3861). On November 6, 2009, the case was transferred by the Panel on Multidistrict Litigation ("MDL") to the Southern District of California. Upon transfer, the case became part of the pending MDL entitled In re Hydroxycut Marketing and Sales Practices Litigation, 09md2087, and was assigned a separate civil case number in the Southern District of California, 09cv2492. On January 22, 2010, Defendants filed a Motion to Dismiss Plaintiffs' fraud claim pursuant to Federal Rule of Civil Procedure 9(b).

## II. STANDARD

A motion to dismiss under Fedederal Rule of Civil Procedure 9(b) tests the formal sufficiency of a plaintiff's statement of a claim for fraud. Rule 9(b) requires that a plaintiff state a claim for fraud with particularity as follows:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). A court may dismiss a claim of fraud when its allegations fail to satisfy Rule 9(b) 's heightened pleading requirements. Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1107 (9th Cir.2003).

## III. DISCUSSION

Plaintiff, Hector Manuel Abarca, alleges that he suffered severe abdominal pain, yellow eyes, general weakness and was ultimately admitted to the hospital with sub-acute liver failure after ingesting weight loss products manufactured and sold by defendants. Complaint ¶¶ 65-68.

In the Complaint, Plaintiffs bring eight claims against the defendants, including "Count VIII" for "Fraud and Misrepresentation." Complaint ¶¶ 129-131.

Defendants have moved to dismiss Count VIII on the ground that it "fails to meet the stringent pleading requirements" required by Rule 9(b). Specifically, Defendants contend that Plaintiffs fail to provide sufficient factual details to support their fraud theories.

A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal.App.4th 62, 79 (2008) ( quoting Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996) (internal quotation marks omitted)). Federal Rule of Civil Procedure 9(b) requires that each of these elements be pled with particularity. The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.1988). As Defendants' point out, averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997).

The Court's review of the Complaint reveals that the elements of fraud and the "who" are specifically alleged. See Complaint ¶¶ 51, 52, 58, and 63-70. However, the Complaint fails to allege with sufficient particularity the "what," "where" and "when" that is required. Nowhere does the Complaint state which Hydoroxycut Product(s) Plaintiff ingested. Plaintiffs simply refer to Hydroxycut Products, which Plaintiffs do not meaningfully define. While there are fourteen individual Hydroxycut Products identified in the Complaint and a list of dozens of recalled products, Plaintiff Abarca fails to specify which of those products he consumed. Since Plaintiff's claim of fraud is based on allegedly false representations, concealment or nondisclosure in the promotion, advertising and marketing of Hydroxycut Products including statements and omissions made on the products' packaging, his failure to identify, with particularity, which product(s) he ingested renders the fraud claim deficient.

///

1     In addition, Plaintiff's contention that he was "exposed" to these fraudulent statements and omissions sometime "prior to May 2009" is insufficient to state "when" the fraud occurred with the requisite particularity. See Complaint ¶ 65. Plaintiff must state when (or the time period during which) he saw, heard, and/or read and relied upon the allegedly fraudulent material.

    The Court, therefore, grants Defendants' Motion to Dismiss Plaintiff's claim of fraud and misrepresentation as set forth in Count VIII of the Complaint. The Motion is granted without prejudice and Plaintiffs are granted leave to amend.

### III. CONCLUSION

    Defendants' Motion to Dismiss is **GRANTED** as stated above. As to Count VIII, the Court holds Plaintiff has failed to state a claim for fraud and misrepresentation and the Motion to Dismiss Count VIII is **GRANTED** without prejudice. The Plaintiffs shall have 21 days from the entry of this order to file any amended complaint correcting the deficiencies in Count VIII.

    IT IS SO ORDERED.

DATED: May 5, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge