# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION

CASE NO. 09MD2087-BTM (AJB)

(S.D. Cal. No. 09CV2370)

FLOR E. MENDOZA and RENE MENDOZA,

Plaintiff,

vs.

IOVATE HEALTH SCIENCES U.S.A., INC., IOVATE HEALTH SCIENCES INTERNATIONAL, INC., IOVATE HEALTH SCIENCES GROUP, INC., IOVATE HEALTH RESEARCH, INC., IOVATE HC 2005 FORMULATIONS, LTD., MUSCLETECH, INC., MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and WAL-MART STORES, INC.,

Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FRAUD CLAIM (COUNT VIII) AND ILLINOIS CONSUMER FRAUD CLAIM (COUNT IX) AND GRANTING LEAVE TO AMEND AS TO ANY CLAIM OF FRAUD BY OMISSION**

Pursuant to Federal Rule of Civil Procedure 9(b), defendants Iovate Health Sciences U.S.A., Inc., Iovate Health Sciences International, Inc., Iovate Health Sciences Research, Inc., and HDM Formulations, Ltd. ("Defendants") have filed a motion to dismiss Plaintiffs' fraud claim as pled in Count VIII and Plaintiffs' Illinois Consumer Fraud and the Deceptive Business

Practices Act ("Illinois Consumer Fraud Act") claim as pled in Count IX of Plaintiffs' Second Amended Complaint. For the reasons set forth below, Defendants' motion to dismiss ("Motion") is **DENIED**. The Court denies the Motion on the grounds that the Second Amended Complaint alleges facts sufficient to state a claim for both common law fraud and a violation of the Illinois Consumer Fraud Act against the Defendants. Plaintiffs have pled those facts with the particularity that is required by Federal Rule of Civil Procedure 9(b). Nevertheless, with regard to any claim of fraud by omission, the Court holds Plaintiffs have failed to adequately state the elements the claim. The Court, however, grants Plaintiffs 21 days leave to amend as to any claim of common law fraud by omission.

## I. BACKGROUND

On June 5, 2009, Plaintiffs filed a complaint in the District Court for the Northern District of Illinois (N.D. Ill. Case No. 09-CV-3415). On September 29, 2009, Plaintiffs filed a First Amended Complaint. On October 23, 2009, the case was transferred by the Panel on Multidistrict Litigation ("MDL") to the Southern District of California. Upon transfer, the case became part of the pending MDL entitled In re Hydroxycut Marketing and Sales Practices Litigation (09md2087), and was assigned a separate civil case number in the Southern District of California (09cv2370). On December 15, 2009, Plaintiffs filed a Second Amended Complaint ("SAC") in the MDL action in the Southern District of California. On January 22, 2010, Defendants filed a Motion to Dismiss Counts VIII and IX of the SAC pursuant to Federal Rule of Civil Procedure 9(b).

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 9(b) tests the sufficiency of a plaintiff's statement of a claim for fraud. Rule 9(b) requires that a plaintiff state a claim for fraud with particularity as follows:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

A court may dismiss a claim of fraud when its allegations fail to satisfy Rule 9(b) 's heightened pleading requirements. Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1107 (9th Cir.2003).

## III. DISCUSSION

Plaintiff, Flor E. Mendoza, alleges that, after ingesting Hydroxycut products manufactured, marketed and sold by defendants, she became lethargic and jaundiced as a result of damage to her liver and ultimately required a liver transplant. SAC ¶¶ 69-70. In the SAC, Plaintiffs bring nine claims against the defendants, including "Count VIII" for "Fraud and Misrepresentation" and "Count IX" for "Illinois Consumer Fraud and Deceptive Business Practices Act." SAC ¶¶ 129-144.

Defendants have moved to dismiss Counts VIII and IX on the ground that Plaintiffs have failed to plead these claims with the particularity that is required by Rule 9(b). Specifically, Defendants contend that Plaintiffs fail to provide sufficient factual details to support either their common law fraud or statutory consumer fraud theories. Upon review of the SAC, the Court holds Plaintiff has alleged her fraud claims with sufficient particularity as follows:

### A. Common Law Fraud by Misrepresentation

Under Illinois law, the elements of a cause of action for fraud are:

> (1) a false statement of material fact; (2) known or believed to be false by the party making the statement; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage resulting from such reliance. In addition, the reliance by the other party must be justified.

Abshire v. Stoller, 235 Ill. App. 3d 849, 854-55 (Ill. App. 1992) (internal citations omitted). In an action in federal court, Federal Rule of Civil Procedure 9(b) requires that each of these elements be pled with particularity. Courts have interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.1988). As Defendants point out, averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. See Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997); see also, DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

The Court has reviewed the SAC as a whole and finds that Plaintiff has specifically pled the following:

(1) The time period during which allegedly fraudulent representations and omissions took place (February 2009 through April 22, 2009). SAC ¶ 68.

(2) The specific representations made. SAC ¶¶ 50, 51, 130, 131. Plaintiff attaches a photograph of the type of Hydroxycut product she purchased, which shows some of the statements on the bottle and clearly identifies the Hydroxycut product Plaintiff ingested was "Hydroxycut Rapid Release Caplets." SAC, Exhibit 1.

(3) The identity of the parties who made the representations. The SAC defines "Product Defendants" and identifies with sufficient particularity the relationships, activities and roles of each. SAC ¶¶ 5-11, 14-15.

(4) Knowledge by the Product Defendants, at the time Plaintiff was purchasing the Hydroxycut, that serious questions about the safety of Hyrdroxycut had already been raised and that 23 cases of liver damage had been reported before Plaintiff took Hydroxycut. SAC ¶ 134, 135.

(5) Injury. Plaintiff became ill after ingesting Hydroxycut and ultimately required a liver transplant on May 16, 2009. SAC ¶ 69.

Plaintiff further alleges she trusted the Product Defendants and relied on their reputations in deciding to purchase Hydroxycut and was misled by the Product Defendants' deceptive marketing scheme into thinking that Hyrdroxycut was healthy and safe for use, which, according to Plaintiff, was false and misleading since the Hydroxycut Products caused liver problems and other health problems. SAC ¶ 68. The SAC, therefore, contains the elements of fraud and misrepresentation as well as the "who, what, when, where, and how" that is required at the pleading stage.

**B.   Fraud by Omission**

Illinois courts have long recognized that a representation, even though technically true, may nevertheless be fraudulent where it omits qualifying material reasoning that a half-truth is sometimes more misleading than an outright lie. See Brown v. Broadway Perryville Lumber Co.,

156 Ill. App. 3d 16, 23 (Ill. App. 1987). In the opposition to the Motion to Dismiss, Plaintiffs assert they have not only pled a claim for fraud by misrepresentation, but also a claim for fraud by omission. The Court disagrees. Plaintiffs have not adequately pled a claim for common law fraud by omission under Illinois law. The allegations in the SAC do not meet the heightened standard of particularity required by Fed. R. Civ. P. 9(b). While paragraph 68 of the SAC suggests a claim of fraud by omission, it simply lacks the requisite detail.

In order to state a claim of fraud by omission or concealment, Plaintiff must specifically allege (in addition to the elements of fraud as set forth above) that the defendant concealed a material fact when it was under a duty to disclose to the plaintiff. See Coca-Cola Co. Foods Div. v. Olmarc Packaging Co., 620 F. Supp. 966, 973-74 (N.D. Ill. 1985). A duty to disclose may arise as a result of a fiduciary or confidential relationship or where a party places trust and confidence in another thereby placing one party in a position of influence. See Connick v. Suzuki Motor Co., 174 Ill. 2d 482, 500 (1996). Silence accompanied by deceptive conduct or suppression of material facts results in active concealment, and then it becomes the duty of a person to speak. State Sec. Ins. Co. v. Frank B. Hally & Co., 258 Ill. App. 3d 588, 591 (Ill. App. 1994).

The SAC lacks sufficient detail for the Court to discern that defendants failed to disclose material information or that a duty exists under the facts in this case. Nevertheless, based on Plaintiffs descriptions of their intended case against defendants, the Court grants Plaintiffs leave to amend to sufficiently allege any claim for common law fraud by omission.

**B. Illinois Consumer Fraud Act**

To state a claim under the Illinois Consumer Fraud Act, a complaint must set forth specific facts showing: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of trade or commerce; (4) the consumer fraud proximately caused the plaintiff's injury; and (5) to bring a civil suit for damages, the plaintiff suffered actual damage as a result. See 815 ILCS 505/1, et seq. (2006); White Daimler Chrysler Corp., 368 Ill. App. 3d 278, 283 (Ill. App. 2006); Saltzmann v. Enhanced Billing, Inc., 348 Ill. App. 3d 740 (Ill. App. 2004). Plaintiff's reliance is

not an element of statutory consumer fraud. Connick v. Suzuki Motor Co., 174 Ill. 2d 483, 501 (1996).

In an action in federal court, these elements must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). Costa v. Mauro Chevrolet, Inc., 390 F. Supp. 2d 720, 731 (N.D. Ill. 2005). Thus, Plaintiffs' assertion that the Court's analysis is governed by Fed. R. Civ. P. 12(b)(6) is incorrect.

The Illinois Consumer Fraud Act should be liberally construed. See e.g., Connick, 174 Ill. 2d at 503. Moreover, in reviewing the legal adequacy of a claim under the Illinois Consumer Fraud Act, the Court must interpret the allegations in the light most favorable to plaintiff. Id. In light of these principles and upon reading the SAC as a whole, the Court holds Plaintiffs have pled facts with sufficient particularity which, if true, would state a claim under the Illinois Consumer Fraud Act. See SAC ¶¶ 5-11, 14-15, 50, 51, 68, 69, 130, 131, 130-137, 138-144 and Exhibit 1.

Furthermore, unlike Plaintiff's claim for common law fraud by concealment, the Court holds Plaintiff has stated a claim for concealment under the Illinois Consumer Fraud statute. An omission or concealment of a material fact in the conduct of trade or commerce constitutes consumer fraud. See Connick, 174 Ill. 2d at 504. A material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase. Id. at 505. It is unnecessary to plead a common law duty to disclose in order to state a claim of consumer fraud based on an omission or concealment. See Celex Group, Inc. v. Executive Gallery, Inc., 877 F. Supp. 1114, 1129 (N.D. Ill.1995).

Accordingly, Defendants' Motion to Dismiss Count IX of the SAC is denied.

## III. CONCLUSION

Defendants' Motion to Dismiss is **DENIED** as stated above. As to Counts VIII and IX, the Court holds Plaintiff has alleged sufficiently detailed facts to state a claim for fraud by misrepresentation as well as Illinois Consumer Fraud. The Court holds, however, that despite Plaintiffs stated intentions to do so, they have failed to plead a claim for common law fraud by

omission. The Court grants Plaintiffs 21 days leave to amend any claim for common law fraud by omission. The time to amend shall run from the date of entry of this order.

IT IS SO ORDERED.

DATED: June 1, 2010

Honorable Barry Ted Moskowitz
United States District Judge