UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION<br><br>_____<br><br>JESSICA ROGOFF,<br>　　　　　　　　Plaintiff,<br>vs.<br>GENERAL NUTRITION CENTERS, IOVATE HEALTH SCIENCES INTERNATIONAL U.S.A., INC., a.k.a. IOVATE HEALTH SCIENCES U.S.A., INC., IOVATE HEALTH SCIENCES, INC., and DOES 1 through 300, inclusive,<br>　　　　　　　　Defendants. | CASE NO. 09MD2087-BTM (AJB)<br><br>(S.D. Cal. No. 10CV0036)<br><br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

　　　　Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants General Nutrition Centers, Iovate Health Sciences U.S.A., Inc., and Iovate Health Sciences, Inc. ("Defendants") have moved to dismiss Plaintiff's claims of intentional infliction of emotional distress and negligent infliction of emotional distress as pled in Plaintiff's eighth and ninth causes of action. Defendants have further moved, pursuant to Federal Rule of Civil Procedure 9(b), to dismiss Plaintiff's claim of "fraud and concealment" as pled in the tenth cause of action. For the

reasons set forth below, Defendants' motion to dismiss is **GRANTED** with leave to amend. The Court grants the motion on the grounds that the Complaint fails to allege facts sufficient to state a claim of intentional or negligent infliction of emotional distress against the Defendants and fails to plead fraud with the requisite particularity.  Plaintiffs shall have 21 days to file any amended complaint addressing the deficiencies as set forth herein.

## I. BACKGROUND

On September 29, 2009, Plaintiff filed a complaint (the "Complaint") in the Superior Court of the State of California for the County of Los Angeles (Superior Court Case No. BC422842). On November 6, 2009, Defendants filed a Notice of Removal.  The case was removed to the District Court for the Central District of California (Case No. 09cv8188-DEP).  On January 6, 2010, the case was transferred by the Panel on Multidistrict Litigation ("MDL") to the Southern District of California.  Upon transfer, the case became part of the pending MDL entitled In re Hydroxycut Marketing and Sales Practices Litigation (09md2087), and was assigned a separate civil case number in the Southern District of California (10cv0036).  On January 22, 2010, Defendants filed a motion to dismiss Plaintiff's eighth, ninth and tenth causes of action.  Plaintiff filed no opposition to the motion to dismiss.

## II. LEGAL STANDARDS

**A.     Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of the plaintiff's statement of the claim for relief.  The Court's inquiry is whether the allegations state a sufficient claim under Fed. R. Civ. P. 8, which sets forth the requirements for pleading. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  In the adjudication of a motion to dismiss under 12(b)(6), plaintiff's allegations must be accepted as true, drawing all inferences from the pleaded facts in plaintiff's favor.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  To survive a motion to dismiss, the complaint must allege facts that, if true, would create a judicially cognizable cause of action.  Only factual allegations must be accepted as

true—not legal conclusions. Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950.

**B.    Fed. R. Civ. P. 9(b)**

Rule 9(b) requires that a plaintiff state a claim for fraud with particularity as follows:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). A court may dismiss a claim of fraud when its allegations fail to satisfy Rule 9(b) 's heightened pleading requirements. Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1107 (9th Cir.2003). The Ninth Circuit has confirmed:

> Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.

Id. at 1106 (internal citations and quotation marks omitted).

### III. DISCUSSION

Plaintiff, Jessica Rogoff, alleges that she began showing signs and symptoms of liver compromise after ingesting Hydroxycut Max–a weight loss product manufactured and sold by defendants. Complaint ¶¶ 13-17. In the Complaint, Plaintiff brings eleven claims against the defendants, including the "Eighth Cause of Action" for "Intentional Infliction of Emotional

Distress," the "Ninth Cause of Action" for "Negligent Infliction of Emotional Distress," and the "Tenth Cause of Action" for "Fraud By Concealment." Complaint ¶¶ 88-128.

Defendants have moved to dismiss the Eighth and Ninth Causes of Action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendants have moved to dismiss the Tenth Cause of Action on the ground that it "fail(s) to meet the stringent pleading requirements of Federal Rule of Civil Procedure Rule 9(b)." Specifically, as to the Tenth Cause of Action, Defendants contend that Plaintiff fails to provide sufficient factual details to support her fraud theories.

The Court will address each of the claims more specifically below, but it should be noted at the outset that Plaintiff's Complaint is seriously lacking in factual allegations. The lengthy strings of words continuously repeated and duplicated throughout the Complaint do not provide factual support to establish Plaintiff's right to relief. A formulaic recitation of the elements of a cause of action is not sufficient to meet federal pleading standards. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**A.    Emotional Distress Claims**

*i.    Intentional Infliction of Emotional Distress*

A cause of action for intentional infliction of emotional distress arises when a defendant intentionally or recklessly causes severe emotional distress to another by extreme and outrageous conduct. See Unterberger v. Red Bull North America, Inc.. 162 Cal. App. 4th 414 (2008). To plead a cause of action for intentional infliction of emotional distress, a plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard for the probability of causing, emotional distress; (2) suffering of severe or extreme emotional distress by the plaintiff; and (3) the plaintiff's emotional distress is actually and proximately the result of defendant's outrageous conduct. See Chang v. Lederman, 172 Cal. App. 4th 67, 86 (2009). Here, Plaintiff has alleged only that she showed signs and symptoms of liver compromise and "sustained severe and serious liver damage." See Complaint ¶ 97. Nowhere does she allege facts that she suffered any emotional or mental distress. She has also failed to allege the necessary element of causation. Plaintiff's factually

bare and conclusory allegations in support of her Eighth Cause of Action for Intentional Infliction of Emotional Distress fail to establish a legally cognizable claim.  Plaintiff does not even allege one of the most basic elements of the claim– emotional distress.  The claim must therefore be dismissed and Defendants' motion to dismiss the Eighth Cause of Action is granted.  The motion is granted without prejudice and the Court grants Plaintiff leave to amend.

### *ii.* **Negligent Infliction of Emotional Distress**

Although there is no independent tort of negligent infliction of emotional distress, California recognizes a right to recover damages in a negligence action for serious emotional distress.  Gu v. BMW of North America, 132 Cal. App. 4th 195, 204 (2005).  Since the tort is negligence, duty is an essential element.  See Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993).  However, there is no duty to avoid negligently causing emotional distress to another.  Id.  Therefore, "unless the defendant assumed a duty to plaintiff in which the emotional distress of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty."  Id. at 985; Gu, 132 Cal. App. 4th at 204.  The requisite duty "may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship."  Potter, 6 Cal. 4th at 985.

Upon review of the Complaint, the Court determines that Plaintiff has failed to adequately plead facts to establish a duty on the part of the Defendants.

Moreover, a cause of action for negligent infliction of emotional distress lies only where plaintiff suffers serious emotional distress.  Plaintiff here, however, alleges no emotional distress at all.  Plaintiff has alleged only physical injury relating to her liver.  See e.g., Complaint ¶ 107.

For these reasons, Plaintiff's Ninth Cause of Action for Negligent Infliction of Emotional Distress must be dismissed.  The Defendants' motion to dismiss the Ninth Cause of Action is granted.  The motion is granted without prejudice and Plaintiff is granted leave to amend.

///

///

///

### B. Fraud Claims

While Plaintiff labels her Tenth Cause of Action "Fraud by Concealment," the Court finds Plaintiff has attempted to assert two theories of fraud–both affirmative misrepresentations and fraudulent concealment. Plaintiff's pleading fails under both theories.

Under California law, a claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted)). With respect to fraudulent concealment or fraud by omission, a plaintiff must further allege that the defendant was under a duty to disclose the allegedly omitted information. See Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal. App. 4th 603, 612-13 (1992). Federal Rule of Civil Procedure 9(b) requires that each of these elements be pled with particularity. The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.1988).   The Court's review of the Complaint as a whole reveals that Plaintiff has failed to plead her claim of fraud with sufficient particularity. While Plaintiff alleges she decided to purchase Hydroxycut Max "[b]ased upon television and/or radio advertisements as being highly effective and safe for the purpose as a dietary supplement for weight loss," she does not identify with specificity the purported misrepresentations or specific advertisements or product labeling upon which she relied. Complaint ¶¶ 13-19. She simply states vague allegations of "television and/or radio advertisements" which influenced her decision to buy Hydroxycut Max. Such allegations will not suffice.

Plaintiff's fraud by concealment claim presents a closer call. The Court, however, holds that the allegations in paragraphs 13-19 and 112-128 amount to conclusory rather than factual statements in support of Plaintiff's claims. As specific and particularized factual allegations are

required to state a claim of fraud by concealment, the Court dismisses the Tenth Cause of Action in its entirety.

The Court, therefore, grants Defendants' motion to dismiss Plaintiff's Tenth Cause of Action.  The motion is granted without prejudice and Plaintiff is granted leave to amend.

### III. CONCLUSION

Defendants' motion to dismiss is **GRANTED** as stated above.  As to the Eighth and Ninth Causes of Action, the Court holds Plaintiff has failed to state a claim for intentional or negligent infliction of emotional distress.  As to Eighth and Ninth causes of action, the motion is **GRANTED** without prejudice and with leave to amend.  As to the Tenth Cause of Action, the Court holds Plaintiff has failed to state a claim for fraud by misrepresentation or fraud by concealment with the requisite particularity.  The motion to dismiss the Tenth Cause of Action is also **GRANTED** without prejudice and with leave to amend.  The Plaintiff shall have 21 days from the entry of this order to file any amended complaint correcting the identified deficiencies.

IT IS SO ORDERED.

DATED:  June 3, 2010

Honorable Barry Ted Moskowitz
United States District Judge