ARTURO J. GONZÁLEZ (CA SBN 121490)
WILLIAM F. TARANTINO (CA SBN 215343)
ALEXANDRIA A. AMEZCUA (CA SBN 247507)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

ERIN M. BOSMAN (CA SBN 204987)
JAE HONG LEE (CA SBN 242203)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Specially Appearing Defendant
KERR INVESTMENT HOLDING CORP. F/K/A IOVATE
HEALTH SCIENCES GROUP INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 3:09-md-02087-BTM-AJB<br><br>**EX PARTE APPLICATION FOR PERMISSION TO FILE EXHIBITS 1 THROUGH 6, 9 THROUGH 14, 17 AND 18 TO DEFENDANT KERR INVESTMENT HOLDING CORP.'S CONSOLIDATED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER SEAL**<br><br>Special briefing schedule ordered.<br><br>Date: October 13, 2010<br>Time: 2:00 p.m.<br>Courtroom: 15<br>Judge: Hon. Barry T. Moskowitz<br><br>Per Chambers' Rules, no oral argument unless requested by Court. |

**Introduction**

On July 9, 2010, Defendant Kerr Investment Holding Corp. ("Kerr") filed a Consolidated Motion to Dismiss for Lack of Personal Jurisdiction (Fed.R.Civ.P. 12(b)(2)) Relating to the Consolidated Class Action ("the Motion"). Defendant attached Exhibits 1 through 6, 9 through 14, 17 and 18 to the Motion which were designated "Conditionally Under Seal." In accordance with the Protective Order entered in this matter on March 22, 2010 by Magistrate Battaglia (Docket Entry 127) Defendant respectfully submits this Ex Parte Application for Permission to File Exhibits 1 through 6, 9 through 14, 17 and 18 Under Seal, as well as the Declaration of William Tarantino showing compelling reasons why the information in the Exhibits should be kept under seal..

**I.   THERE ARE COMPELLING REASONS FOR FILING EXHIBITS 1 THROUGH 6, 9 THROUGH 14, 17 AND 18 UNDER SEAL**

The party seeking to seal a document or deposition transcript associated with a dispositive motion is required to meet the "compelling reasons" standard pertaining to dispositive motions articulated in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record must articulate compelling reasons supported by specific factual findings that outweigh the public policies favoring disclosure. *Id.* at 1179. In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might become a vehicle for improper purposes such as releasing trade secrets. *Id.* at 1179. Furthermore, courts have found that courts analyzing whether material should be disclosed should consider the degree to which the subject matter is traditionally considered private rather than public. *United States v. Connolly (In re Boston Herald, Inc.)*, 321 F.3d 174, 190 (1st Cir. 2003) (finding that financial information, such as one's income or bank account balance, is universally presumed to be private, not public)

In this case, there are compelling reasons for filing Exhibits 1 through 6, 9 through 14, 17 and 18 under seal. These exhibits contain confidential business information. Specifically:

**Exhibit 1** is a copy of transcript excerpts from the deposition of Jo-Ann Heikkla, taken on April 14, 2010. it includes information pertaining to record keeping, the Iovate group of

companies corporate structure, how licenses and trade secrets are held, which entities are in possession of trade secrets and licenses, which entities have license agreements, individuals e-mail addresses, and other intercompany agreements. (Declaration of William Tarantino ("Tarantino Decl.") ¶ 4.)

**Exhibit 2** is a copy of transcript excerpts from the deposition of Fernando Pica, taken on April 15, 2010, and previously designated confidential. It includes information pertaining to banking arrangements and agreements, insurance policies, identities of vendors, which Iovate entities have bank accounts, how employee salaries are paid, which entities have lines of credit, which identities have bank accounts, business agreements among Iovate entities, Information produced on tax returns, gross sales figures, taxable income, advertising expenses, total liability, bonus and salary information, and loan amounts. (*Id.* ¶ 5.)

**Exhibit 3** is a copy of Kerr Investment Holding Corp.'s Corporate Organizational Chart by entity as of January 26, 2010. It contains information regarding the manner in which the Iovate group of companies has structured its business operations. (*Id.* ¶ 6.)

**Exhibit 4** is a copy of Iovate Health Sciences Group of Companies Corporate Organizational Chart by entity as of January 26, 2010. It contains information regarding the manner in which the Iovate group of companies has structured its business operations. (*Id.* ¶ 7.)

**Exhibit 5** is a copy of Iovate Organization Charts by division. It contains information regarding the manner in which the Iovate group of companies has structured its business operations. (*Id.* ¶ 8.)

**Exhibit 6** is a copy of the Iovate group of companies Employee Roster. It contains information regarding individuals' employment history as well as when individuals where hired and terminated. (*Id.* ¶ 9.)

**Exhibit 9** is a copy of an intercompany Services Agreement. It contains information regarding the manner in which Iovate entities agreed to provide financial, administrative, and other services to each other. (*Id.* ¶ 10.)

1   **Exhibit 10** is a copy of Iovate Health Sciences Group of Companies Formal Signatory
2   List. It contains information regarding who the authorized signatories of each Iovate entity are
3   and how Iovate entities are organized. (*Id.* ¶ 11.)

4   **Exhibit 11** is a copy of the Iovate Health Sciences Group of Companies charts of entities.
5   It contains information regarding the manner in which the Iovate group of companies has
6   structured its business operations. (*Id.* ¶ 12.)

7   **Exhibit 12** is a copy of Iovate Health Sciences Group, Inc. Corporate Minutes. It contains
8   information regarding agreements with creditors. (*Id.* ¶ 13.)

9   **Exhibit 13** is a copy of the Master Credit Agreement between Royal Bank of Canada,
10  Iovate Health Sciences Group Inc., Iovate Health Sciences USA Inc., Iovate Health Sciences Inc.,
11  Iovate Health Sciences Research Inc., Iovate Health Sciences International Inc., Iovate Health
12  Sciences Capital Inc., Iovate Health Sciences Canada Inc., and Iomedix Laboratories Inc. It
13  contains information regarding arrangements between a bank and its borrower and guarantors.
14  (*Id.* ¶ 14.)

15  **Exhibit 14** is a copy of an Assumption and Confirmation agreement. It contains
16  information regarding financing and credit arrangements of Iovate entities. (*Id.* ¶ 15.)

17  **Exhibit 17** is a copy of Iovate Health Sciences Group Inc.'s Products Liability Insurance
18  Policy. (*Id.* ¶ 16.)

19  **Exhibit 18** is a copy of Iovate Health Sciences Group Inc.'s Commercial General
20  Liability Insurance Policy. (*Id.* ¶ 17.)

21  Filing this information publicly will cause a substantial risk of harm to Kerr and the
22  commercial interests of Kerr and its subsidiaries that are defendants in this action ("Defendants")
23  that outweighs the interests of the public. (*Id.* ¶¶ 18, 21.) Disclosure of the information in the
24  Exhibits would provide Defendants' competitors with confidential information they otherwise
25  would not have access to. (*Id.* ¶ 20, 22.) This would place the Defendants at a competitive
26  disadvantage and could be used by its competitors for improper purposes. (*Id* ¶ 21.)

27  There is no public benefit to the disclosure of this information. None of the Defendants
28  are government or other public entity, and none of the information in the Exhibits pertains to

public health or safety concerns.  (*Id.* ¶ 19.)  Finally, the Motion at issue relates solely to private civil matter that does not involve broader issues of public concern.  (*Id.*)  For these reasons, the potential harm to the Defendants by the disclosure of this information will outweigh the public's interest in access to judicial records and an order restricting its disclosure is warranted.  *See Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) ("the common-law right of inspection has bowed before the publication of . . . sources of business information that might harm a litigant's competitive standing."); *Nygren v. Hewlett-Packard Co.*, No. C07-05793 JW (HRL), 2010 U.S. Dist. LEXIS 59094 at *4 n. 4 (N.D. Cal. May 25, 2010) (noting that defendants reasoning for keeping documents under seal would meet the compelling reasons standard when they demonstrated that disclosure would harm their financial interests and competitive standing.)

**Conclusion**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant respectfully request that the Court order Exhibits 1 through 6, 9 through 14, 17 and 18 to Defendant Kerr Investment Holding Corp.'s Consolidated Motion to Dismiss for Lack of Personal Jurisdiction (Fed.R.Civ.P. 12(b)(2)) Relating to the Consolidated Class Action to be filed under seal.

Dated: July 9, 2010                    MORRISON & FOERSTER LLP

By:    s/ William F. Tarantino
       WILLIAM F. TARANTINO
       WTarantino@mofo.com

       Attorneys for Specially Appearing Defendant
       KERR INVESTMENT HOLDING CORP. F/K/A IOVATE HEALTH SCIENCES GROUP INC.

EX PARTE APPLICATION FOR PERMISSION TO FILE EXHIBITS UNDER SEAL
sf-2867542

5

Case No. 09-md-02087-BTM-AJB

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof, I served a copy of the following documents using the CM / ECF system which will send notification of such filing to the parties denoted on the Electronic Mail Notice List, and I placed a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed to the non-CM/ECF participants indicated on the Manual Notice List, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

**EX PARTE APPLICATION FOR PERMISSION TO FILE EXHIBITS 1 THROUGH 6, 9 THROUGH 14, 17 AND 18 TO DEFENDANT KERR INVESTMENT HOLDING CORP.'S CONSOLIDATED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER SEAL**

**DECLARATION OF WILLIAM F. TARANTINO IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR PERMISSION TO FILE EXHIBITS 1 THROUGH 6, 9 THROUGH 14, 17 AND 18 TO KERR INVESTMENT HOLDING CORP.'S CONSOLIDATED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER SEAL**

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 9th day of July, 2010.

MORRISON & FOERSTER LLP

By:   s/ William F. Tarantino
      WILLIAM F. TARANTINO
      WTarantino@mofo.com

Attorneys for Specially Appearing Defendant
KERR INVESTMENT HOLDING CORP. F/K/A IOVATE HEALTH SCIENCES GROUP INC.