# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 09md2087 BTM (AJB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION TO FILE UNDER SEAL CERTAIN EXHIBITS** |

Defendant Kerr Investment Holding Corp. f/k/a Iovate Health Sciences Group Inc. ("Defendant") has filed an ex parte application to file under seal certain exhibits to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Consolidated Motion to Dismiss for Lack of Personal Jurisdiction. For the reasons discussed below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. GOVERNING LAW

The courts in this country recognize a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). Unless a court record falls within the limited category of records "traditionally kept secret," a "strong presumption in favor of access is the starting point." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The strong presumption of access to judicial records applies fully to discovery documents attached to dispositive motions. San Jose Mercury News, Inc. v. U.S. Dist. Ct.,

187 F.3d 1096, 1102 (9th Cir. 1999).

The party seeking to seal a judicial record bears the burden of overcoming this strong presumption by articulating compelling reasons supported by specific factual findings. Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). As explained by the Ninth Circuit:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. Nixon, 435 U.S. at 598, 98 S.Ct. 1306; accord Valley Broadcasting Co., 798 F.2d at 1294.

Kamakana, 447 F.3d at 1172. "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598. However, "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Kamakana, 447 F.3d at 1172.

## II. DISCUSSION

Defendant seeks to file under seal Exhibits 1-7, 9-12, 14, 15, 19-23, 25-59, 61-243, 253 and 254. The Court has carefully reviewed each of the exhibits and concludes that there are compelling reasons to file some, but not all, of the exhibits under seal.

The Court **GRANTS** the motion to seal as to the following exhibits, or portions thereof, because they reveal: private information that could cause injury upon being made public; trade secrets; and information akin to trade secrets that could cause competitive harm if publicly divulged.

• Exhibit 1 - p. 138:3, because it reveals the work e-mail address of Jo-Ann Heikkila which could expose Ms. Heikkila to unnecessary harassment. Plaintiff shall redact this portion of the deposition and electronically file the redacted exhibit on the public docket.

• Exhibit 2 - pp. 63:19-64:2, which discuss information on a tax return (information that is confidential under 26 U.S.C. § 6103); pp. 100:22 & 101:19-24, which reveal the e-mail

address of Fernando Pica and others employed by the Iovate group of companies; pp. 147:13-169-11, which discuss specific information on tax returns and related filings; pp. 170:3-23, which reveal pricing terms in distribution agreements; pp. 174:5-196:9; 199:6-202:10; 210:17-229:23, which reveal detailed information about wages and compensation of officers and directors, profit-sharing plans, company profit and loss, and company assets and liabilities.  Plaintiff shall redact the portions of Pica's deposition identified above and shall file the redacted exhibit on the public docket.

• Exhibits 30-33.  These are agreements between Iovate entities and retailers who sell their products.  The agreements include pricing and marketing information.

• Exhibits 40-52.  These are state, federal, and T2 Corporation income tax returns.

• Exhibits 55-56.  These banking agreements reveal account numbers.  Plaintiff shall redact the account numbers and file the redacted exhibits on the public docket.

• Exhibit 63.  This is a services agreement between Iovate Health Sciences U.S.A., Inc. and Kuene & Nagel, which includes details regarding their business arrangement including the pricing of services.

• Exhibit 64.  Schedule II of the Distribution Agreement between the Iovate entities reveals pricing information.  Plaintiff shall redact Schedule II and file the redacted exhibit on the public docket.

• Exhibits 69-74.  These consolidated financial statements reveal detailed financial information about Iovate Health Sciences Group Inc.

• Exhibit 75. This employee roster contains private employment information regarding various individuals employed by the Iovate entities.

• Exhibits 77-81; 85-111; 120-121; 136-139; 141-144; 153-155; 158-163; 165-166; 168; 170-176; 179-189; 191-203; 205; 207-211; 214-218; 220-222; 224-225; 229-234; 236-237; 239-243.  These exhibits are e-mails which reveal business and marketing strategy, information regarding product development, sales and pricing information, financials, internal troubleshooting, and information regarding the businesses of clients.

• Exhibit 254.  This is a pricing proposal by a manufacturer of products sold by Iovate

Health Sciences, Inc. The proposal sets forth terms and conditions including pricing adjustments and required annual purchases.

The Court **DENIES** the motion to seal with respect to the remainder of the exhibits, specifically, Exhibits 1 and 2 (except the portions identified above), 3-7, 9-12, 14-15, 19-23, 25-29, 34-39, 53-54. 55-56 (except for the account numbers), 57-59, 61-62, 64 (except Schedule II), 65-68, 76, 82-84, 112-119, 122-135, 140, 145-152, 156-157, 164, 167, 169, 177-178, 190, 204, 206, 212-213, 219, 223, 226-228, 235, 238, and 253. These documents reveal information such as corporate structure, identity of officers and directors, insurance policies, agreements among Iovate entities that do not reveal information of competitive value, the existence of bank accounts, and the scheduling of various meetings with vendors and within the company (without revealing the substance of the meetings). Defendant has not satisfied its burden of establishing a compelling reason for sealing these exhibits.

In the future, the Court expects that the parties will carefully narrow their requests to file documents under seal. The Court would rather not spend its time reading through deposition transcripts when not any or very little of the testimony meets the standard for sealing. It is not enough that the parties would *prefer* to keep certain business information confidential. *Compelling* reasons must be shown.

### III. CONCLUSION

For the reasons discussed above, Defendant's ex parte application [Doc. No. 354] is **GRANTED IN PART** and **DENIED IN PART**. Within 10 days of the filing of this Order, Plaintiff shall electronically file all of the exhibits that are not to be sealed and the redacted versions of Exhibits 1, 2, 55-56, and 64.

**IT IS SO ORDERED.**

DATED: March 11, 2011

Honorable Barry Ted Moskowitz
United States District Judge