# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 09MD02087-BTM (AJB) |
| | (S.D. Cal. No. 10CV00587) |
| CLINTON DAVIS, <br><br> Plaintiff, <br><br> vs. <br><br> GNC CORPORATION, IOVATE HEALTH SCIENCES USA INC., IOVATE HEALTH SCIENCES, INC., IOVATE HEALTH SCIENCES RESEARCH, INC., IOVATE HEALTH SCIENCES CAPITAL, INC., IOVATE COPYRIGHT, LTD., IOVATE HEALTH SCIENCES GROUP, INC., IOVATE HEALTH SCIENCES INTERNATIONAL, INC., IOVATE HC 2005 FORMULATIONS, LTD., and MUSCLETECH RESEARCH AND DEVELOPMENT, INC., <br><br> Defendants. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS VI AND VII OF PLAINTIFF'S COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 9(b), defendants GNC Corporation, Iovate Health Sciences USA Inc., Iovate Health Sciences, Inc., Iovate Health Sciences Research, Inc., Iovate Health Sciences Capital, Inc., Iovate Copyright, Ltd., Iovate Health Sciences

Group, Inc., Iovate Health Sciences International, Inc., Iovate HC 2005 Formulations, Ltd., and Muscletech Research and Development, Inc. ("Defendants") have filed a motion to dismiss Plaintiff's "Fraud and Misrepresentation" claim as pled in Count VI and Plaintiff's "Violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law" claim as pled in Count VII of Plaintiff's First Amended Complaint.  For the reasons set forth below, Defendants' motion to dismiss is **GRANTED** with leave to amend.  The Court grants the motion on the grounds that the First Amended Complaint fails to plead fraud with the requisite particularity, and fails to allege facts sufficient to state a claim for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law against the Defendants.  Plaintiff shall have 30 days to file any amended complaint addressing the deficiencies as set forth herein.[1]

## I.  BACKGROUND

On November 3, 2009, Plaintiff filed a complaint in the District Court for the Eastern District of Pennsylvania (E.D. Pa. Case No. 2:09-cv-05055).  On March 15, 2010, Plaintiff filed a First Amended Complaint ("FAC").  On March 22, 2010, the case was transferred by the Panel on Multidistrict Litigation ("MDL") to the Southern District of California.  Upon transfer, the case became part of the pending MDL entitled In re Hydroxycut Marketing and Sales Practices Litigation (09md2087), and was assigned a separate civil case number in the Southern District of California (10cv587).  On May 5, 2010, Defendants filed a Motion to Dismiss Counts VI and VII of the FAC pursuant to Federal Rule of Civil Procedure 9(b). Plaintiff filed no opposition to the motion to dismiss.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 9(b) tests the sufficiency of a plaintiff's statement of a claim for fraud.  Rule 9(b) requires that a plaintiff state a claim for fraud with particularity as follows:

---

[1] On October 21, 2010, Defendants filed a Request for Dismissal of Plaintiff's claims without prejudice for failure to provide a timely Plaintiff Fact Sheet pursuant to the Case Management Order dated September 10, 2010.  Defendants' Request for Dismissal is deemed withdrawn pursuant to Defendants' Response to Order to Show Cause filed on January 10, 2011.

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). A court may dismiss a claim of fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1107 (9th Cir. 2003). The Ninth Circuit has confirmed:

> Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.

Id. at 1106 (internal citations and quotation marks omitted).

## III. DISCUSSION

Plaintiff, Clinton Davis, alleges that he experienced severe health issues, including elevated liver enzymes and severe liver damage, after ingesting Hydroxycut weight loss products manufactured, marketed and sold by Defendants. FAC ¶ 55. In the FAC, Plaintiff brings nine claims against Defendants, including "Count VI" for "Fraud and Misrepresentation" and "Count VII" for "Violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law." FAC ¶¶ 98-112.

Defendants have moved to dismiss Counts VI and VII on the ground that Plaintiff has failed to plead these claims with the particularity that is required by Rule 9(b). Specifically, Defendants contend that Plaintiff fails to provide sufficient factual details to support either their common law or statutory fraud theories.

### A. Fraud and Misrepresentation - Count VI

Under Pennsylvania law, the elements of a cause of action for fraud are: (1) a false representation; (2) made with knowledge of its falsity or recklessness as to whether it is true or false; (3) which is intended to make the receiver act; (4) justifiable reliance on the misrepresentation; and (5) damages to the receiver as a proximate result of the reliance. Bucci v. Wachovia Bank, N.A., 591 F. Supp. 2d 773, 782 (E.D. Pa. 2008)

(internal citations omitted).  Federal Rule of Civil Procedure 9(b) requires that each of these elements be pled with particularity.  The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."  Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988).  Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged.  See Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).[2]

 The Court's review of the FAC reveals that the elements of fraud and the "who" and "when" are specifically alleged.  FAC ¶¶ 20-21, 25, 31-37, 50-55.  But the FAC fails to allege with sufficient particularity the "what," "where" and "how" that is required.

 Nowhere does the FAC state which Hydroxycut product(s) Plaintiff purchased or ingested.  While there are fourteen individual Hydroxycut products identified in the FAC, Plaintiff simply refers to "Hydroxycut Products" and fails to specify which of those products he consumed.  FAC ¶ 37.  Because Plaintiff's fraud claim is based on allegedly false representations in the promotion, advertising and marketing of Hydroxycut products including statements and omissions made on the products' packaging, his failure to identify, with particularity, which product(s) he ingested renders the fraud claim deficient.

 In addition, although Plaintiff quotes the Hydroxycut product packaging, he fails to specify which material he relied upon in making his decision to purchase and consume the Hydroxycut products.  FAC ¶¶ 23-29.  Plaintiff's vague allegations of being "targeted and exposed to Defendants' promotion, advertising and marketing" is insufficient to state "where" and "how" the fraud occurred with the requisite particularity.  FAC ¶¶ 50-51.

 The Court, therefore, grants Defendants' Motion to Dismiss Plaintiff's claim of fraud and misrepresentation as set forth in Count VI of the FAC.  The motion is granted

---

[2] The Third Circuit has similarly interpreted Rule 9(b).  See Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d. Cir. 1984) ("Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."); see also, Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004).

without prejudice and Plaintiff is granted leave to amend.

### B. Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law Claim - Count VII

To bring suit under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Plaintiff must show that he is a citizen of Pennsylvania or that he was engaged in transactions within Pennsylvania. Lewis v. Ford Motor Co., 263 F.R.D. 252, 258-59 n.7 (W.D. Pa. 2009); Mikola v. Penn Lyon Homes, Inc., 2008 WL 2357688, at * 3 (M.D. Pa. June 4, 2008). But Plaintiff states that he is a "citizen and resident of Illinois." FAC ¶ 2. Plaintiff also states that he purchased and consumed Hydroxycut products within "Oswego, Illinois." FAC ¶ 51. Plaintiff only refers to Pennsylvania in jurisdictional statements regarding Defendants. FAC ¶¶ 3, 15. Accordingly, Defendants' Motion to Dismiss Count VII of the FAC is granted without prejudice. The Court grants Plaintiff leave to amend if he is able to do so.

### IV. CONCLUSION

Defendants' motion to dismiss [10cv587 - Doc. No. 21; 09md2087 - Doc. No. 197] is **GRANTED** as stated above. The motion is **GRANTED** without prejudice and with leave to amend. The Plaintiff shall have 30 days from the entry of this order to file any amended complaint correcting the identified deficiencies. If Plaintiff does not file an amended complaint, Defendants shall file an answer to the original complaint on or before **May 9, 2011**.

Defendants' request for dismissal is deemed withdrawn pursuant to Defendants' Response to Order to Show Cause filed on January 10, 2011.

**IT IS SO ORDERED.**

DATED: March 21, 2011

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge