# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 09md2087 BTM(AJB) |
| SIMONA GULLEY,<br><br>                Plaintiffs,<br>  v.<br>KERR INVESTMENT HOLDING CORP., et al.,<br><br>                Defendants. | Case No. 10cv876 BTM(AJB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS IV, V, VI AND VIII OF PLAINTIFF SIMONA GULLEY'S COMPLAINT** |

## I. BACKGROUND

Plaintiff Simona Gulley filed a complaint on March 31, 2010 in the Southern District of New York. Ms. Gulley brought claims based on injuries she alleges she suffered as a result of ingesting Hydroxycut Hardcore Liquid Caplets. Specifically, Ms. Gulley alleges that as a result of taking Hyrdroxycut Hardcore Liquid Caplets, she had to undergo invasive medical procedures and continues to suffer from chronic renal problems. Her complaint contains eight claims for relief: Negligence (Count I), Strict Liability - Failure to Warn (Count II), Strict Liability - Defective Design (Count III), Breach of Express Warranty (Count IV), Breach of Implied Warranty (Count V), Common Law Fraud (Count VI), Punitive Damages (Count VII), and Violation of New York General Business Law § 349 (Count VIII).

Defendants Iovate Health Sciences, Inc., Iovate Health Sciences U.S.A. Inc., and

Muscletech Research and Development, Inc. have moved to dismiss counts IV, V, VI and VIII of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Fed R. Civ. P. 12(b)(6) tests the formal sufficiency of the plaintiff's statement of the claim for relief.  The Court's inquiry is whether the allegations state a sufficient claim under Fed. R. Civ. P. 8, which sets forth the requirements for pleading. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  In the adjudication of a motion to dismiss under 12(b)(6), plaintiff's allegations must be accepted as true, drawing all inferences from the pleaded facts in plaintiff's favor.  Pension Comm. Of Univ. of Montreal Pension Plan v. Banc of America Sec. LLC, 568 F.3d 374, 377 (2d Cir. 2009).  To survive a motion to dismiss, the complaint must allege facts that, if true, would create a judicially cognizable claim.  South Road Assoc. v. Int'l Bus. Machines Corp., 216 F.3d 251, 253 (2d Cir. 2000). Only factual allegations must be accepted as true-not legal conclusions.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### B.    Fed. R. Civ. P. 9(b)

Rule 9(b) requires that a plaintiff state a claim for fraud with particularity.  Specifically, while malice, intent, knowledge, and other conditions of a person's mind may be alleged generally, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  A Court may dismiss a claim of fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements.  Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1107 (9th Cir. 2003).

## III. DISCUSSION

### A. Breach of Warranty Claims - Counts IV and V

Privity is a required element to state a claim for breach of express or implied warranty under Georgia law. See Barnett v. Leiserv, Inc., 968 F. Supp. 690, 695 (N.D. Ga. 1997). At this point, Plaintiff has failed to adequately allege facts that establish privity between her and any defendant. Accordingly, Counts IV and V must be dismissed.

Plaintiff's claim for Breach of Express Warranty further fails as Plaintiff has failed to adequately allege facts that provide the basis for an express warranty. Though Plaintiff quotes specific language from Hydroxycut's website and Hydroxycut product labels that assure the product's safety, nowhere does Plaintiff allege that she read that language or that it was part of the reason she bought the product. Plaintiff has also failed to allege that the representations were made contemporaneously with and as a part of the contract for the sale of the Hydroxycut goods. See North Georgia Ready Mix Concrete Co. v. L&L Constr., Inc., 508 S.E. 2d 722, 726 (Ga. Ct. App. 1998).

The Court, therefore, grants Defendants' Motion to Dismiss the breach of express and implied warranty claims as pled in Counts IV and V. Plaintiff shall have leave to amend as to Counts IV and V as set forth herein.

The Court, however, notes that Plaintiff's allegations of the terms of the warranty are sufficiently alleged. That is, Plaintiff's allegations of statements made in the marketing of the Hydroxycut product and on its product labeling are sufficient to constitute express representations or statements required for an express warranty.

**B.     Common Law Fraud - Count VI**

To state a claim for common law fraud a plaintiff must plead: (1) a material, false representation or omission; (2) an intent to defraud; and (3) a reasonable reliance on the representation, causing damage to the plaintiff. Federal Rule of Civil Procedure 9(b) requires the pleader to state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. See Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988).

Defendants correctly point to Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009), in which the plaintiff alleged he relied on fraudulent representations about Ford's Certified

Pre-Owned Vehicle Program (CPO) when he made a decision to purchase a CPO vehicle. Id. at 1125. In Kearns, the court dismissed the fraud claim for lack of specificity because the plaintiff did not specify what the television and sales material specifically stated, when he was exposed to them and which sales material he relied upon in making his decision. Id. Though Plaintiff here has quoted the Hydroxycut website and product packaging (Comp. ¶¶ 29-33), she fails to specify that she was exposed to these statements, when she was exposed to them, and which material she relied upon in making her decision to purchase the Hydroxycut Hardcore Liquid Caplets.

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's common law fraud claim as alleged in Count VI. The motion is granted, however, without prejudice and Plaintiff is granted leave to amend Count VI.

### C.    New York General Business Law § 349 - Count VIII

The Court agrees with Defendants that Plaintiff's New York General Business Law § 349 claim fails because she has not alleged the transaction in which she was allegedly deceived took place in the state of New York. In order to state a claim under § 349, Plaintiff must allege deceptive acts or practices that occurred in the state of New York. Goshen v. Mut. Life Ins. Co. of N.Y., 98 N.Y. 2d 314, 324 (N.Y. 2002) ("As both the text of the statute and history suggest, the intent is to protect consumers in their transactions that take place in New York State."). In Goshen, New York's highest court was called upon to determine the territorial reach of § 349 and flatly concluded that "the transaction in which the consumer is deceived must occur in New York." Id. at 324.

Accordingly, since Plaintiff has not alleged that the transaction in which she claims she was deceived occurred in New York, Count VIII of her complaint must be dismissed. The Court grants Plaintiff leave to amend as to Count VIII if she is able to do so.

### IV.  CONCLUSION

Defendants' Motion to Dismiss Counts IV, V, VI and VIII [ 09md2087 (Doc. No. 234); 10cv876 (Doc. No. 13)] is GRANTED as stated herein. The Plaintiff shall have 30 days from

the date of entry of this order to file any amended complaint correcting the deficiencies in Counts IV, V, VI and VIII.

**IT IS SO ORDERED.**

DATED:  March 28, 2011

Honorable Barry Ted Moskowitz
United States District Judge