# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 09md2087 BTM (AJB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION TO FILE UNDER SEAL CERTAIN EXHIBITS** |
|---|---|

Defendant Kerr Investment Holding Corp. f/k/a Iovate Health Sciences Group Inc. ("Defendant") has filed an ex parte application to file under seal certain exhibits to its Motion to Dismiss for Lack of Personal Jurisdiction. For the reasons discussed below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. GOVERNING LAW

The courts in this country recognize a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). Unless a court record falls within the limited category of records "traditionally kept secret," a "strong presumption in favor of access is the starting point." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The strong presumption of access to judicial records applies fully to discovery documents attached to dispositive motions. San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th Cir. 1999).

The party seeking to seal a judicial record bears the burden of overcoming this strong presumption by articulating compelling reasons supported by specific factual findings. <u>Foltz v. State Farm Mutual Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003). As explained by the Ninth Circuit:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. <u>Nixon</u>, 435 U.S. at 598, 98 S.Ct. 1306; <u>accord</u> <u>Valley Broadcasting Co.</u>, 798 F.2d at 1294.

<u>Kamakana</u>, 447 F.3d at 1172. "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." <u>Nixon</u>, 435 U.S. at 598. However, "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. <u>Kamakana</u>, 447 F.3d at 1172.

## II. DISCUSSION

Defendant seeks to file under seal Exhibits 1-6, 9-14, 17 and 18. The Court grants in part and denies in part Defendant's motion.

The Court **GRANTS** the motion to seal as to the following exhibits, or portions thereof:

• Exhibit 1 - p. 138:3, because it reveals the work e-mail address of Jo-Ann Heikkila which could expose Ms. Heikkila to unnecessary harassment. Defendant shall redact this portion of the deposition and electronically file the redacted exhibit on the public docket.

• Exhibit 2 - pp. 147:13-149:25, 174:5-185:22, which discuss specific information on tax returns and related filings and details regarding assets and liabilities. Defendant shall redact the portions of Pica's deposition identified above and shall file the redacted exhibit on the public docket.

• Exhibit 6 - this employee roster contains private employment information regarding various individuals employed by the Iovate entities.

The Court **DENIES** the motion to seal with respect to the remainder of the exhibits, specifically, Exhibits 1 and 2 (except the portions identified above), 3-5, 9-14, and 17-18. These documents reveal information such as corporate structure, insurance policies, financial agreements among Iovate entities that do not reveal information of competitive value, and the existence of a credit arrangement with a bank. Defendant has not satisfied its burden of establishing a compelling reason for sealing these exhibits.

### III. CONCLUSION

For the reasons discussed above, Defendant's ex parte application [09md2087 - Doc. No. 292; 09cv1088 - Doc. No. 81] is **GRANTED IN PART** and **DENIED IN PART**. Within 10 days of the filing of this Order, Defendant shall electronically file all of the exhibits that are not to be sealed and the redacted versions of Exhibits 1 and 2.

**IT IS SO ORDERED.**

DATED: March 29, 2011

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge