# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 09md2087 BTM(CAB) |
| VELMA J. CARTER, an individual; SUREE WANDA BRYSON, an individual; RAYMOND C. LEE, and individual;<br><br>Plaintiffs,<br>v.<br><br>MUSCLETECH RESEARCH AND DEVELOPMENT, INC., et al.,<br><br>Defendants. | Case No. 10cv2580 BTM(CAB)<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION AS TO IOVATE COPYRIGHT LTD.; DENYING MOTION TO DISMISS; AND DENYING AS MOOT MOTION TO AMEND COMPLAINT** |

Defendant Iovate Copyright Ltd. ("Copyright") has filed a motion to dismiss for lack of personal jurisdiction. The other defendants ("Defendants") have filed a motion to dismiss Plaintiffs' Complaint for failure to state a claim. Plaintiffs have filed a motion to file an amended complaint that adds factual allegations in support of their fraud claims. For the reasons discussed below, Copyright's motion to dismiss is **GRANTED**, Defendants' motion to dismiss is **DENIED**, and Plaintiffs' motion for leave to amend is **DENIED AS MOOT**.

## I. BACKGROUND

On September 30, 2010, Plaintiffs filed their complaint in the Northern District of Alabama (Alabama Civil Case No. 10-cv-2655-AKK). On December 15, 2010, the case was transferred to the Southern District of California as a tag-along action to the In re Hydroxycut Marketing and Sales Practices multi-district litigation currently pending before the Court.

Upon transfer, the case was assigned a separate civil case number in the Southern District of California (Case No. 10cv2580 BTM(CAB)).

Plaintiff Velma J. Carter is a resident of Mississippi. Plaintiff Suree Wanda Vryson is a resident of South Carolina. Plaintiff Raymond C. Lee is a resident of Washington, D.C. According to the Complaint, Plaintiffs purchased "Hydroxycut products" at Wal-mart and suffered physical injury as a result of the consumption of such products.

Plaintiffs assert the following claims against the defendants: (1) negligence/wantonness; (2) product liability; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) breach of express warranty; (6) breach of implied warranty of merchantability; (7) breach of implied warranty of fitness for particular purpose; (8) unjust enrichment; and (9) fraud and misrepresentation.

After Defendants filed their motions to dismiss, Plaintiffs filed a First Amended Complaint (mislabeled "Second Amended Complaint") pursuant to a stipulation of the parties. The First Amended Complaint ("FAC") adds new defendants as well as more factual allegations in support of Plaintiffs' fraud claim. The Court construes the motion to dismiss for failure to state a claim to apply to the FAC.

## II. DISCUSSION

A.  Copyright's Motion

Copyright has filed a motion to dismiss for lack of personal jurisdiction. Because this case was originally filed in the Northern District of Alabama, this Court can exercise personal jurisdiction over Copyright only to the extent that the Northern District of Alabama could have. In re Dynamic Random Access Memory, 2005 WL 2988715, at * 2 (N.D. Cal. Nov. 7, 2005).

Copyright contends that Plaintiffs have not made out a prima facie case of either general or specific jurisdiction, as needed to satisfy federal due process. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 (1984). According to the declaration

of Jo-Ann Heikkila, Copyright is a Canadian corporation which has never been licensed to do business in the United States, has never maintained an office or bank account in the United States, has never maintained a website accessible by United States citizens, and has not had any involvement in the manufacture, sale, or advertisement of Hydroxycut-branded products.

Plaintiffs did not file an opposition to Copyright's motion. Plaintiffs' Complaint itself merely states that "[a]t all times relevant hereto, Iovate Copyright, Ltd. was and is doing business within this judicial district." (Compl. ¶ 10.) The Complaint does not set forth any factual allegations supporting this conclusory statement.

When a defendant brings a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). If the district court decides the motion without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of the jurisdictional facts." Id.

Plaintiffs have not alleged any facts tending to show that the Northern District of Alabama has general or specific jurisdiction over Copyright. Therefore, Plaintiffs have failed to make out a prima facie showing of personal jurisdiction, and the Court **GRANTS** Copyright's motion to dismiss for lack of personal jurisdiction.

B. Defendants' 12(b)(6) Motion to Dismiss & Plaintiffs' Motion for Leave to Amend

    1. Fraud Claims

Defendants contend that Plaintiffs' fraud-based claims (intentional misrepresentation, negligent misrepresentation, and fraud and misrepresentation) fail because Plaintiffs have failed to satisfy the pleading requirements of Fed. R. Civ. P. 9(b).

Originally, Plaintiffs failed to identify what Hydroxycut product they took, when the product was consumed, what fraudulent statements or materials they relied on, how or where the misrepresentations were made, and when the fraudulent misrepresentations occurred.

In the FAC, Plaintiffs have added factual allegations remedying these defects. (FAC ¶ 52.) The Court is satisfied that Plaintiffs have pled fraud with sufficient specificity.

Defendants argue that Plaintiff Lee's claim for "negligent misrepresentation" must be dismissed because Virginia law does not recognize a cause of action for "negligent misrepresentation." Under Virginia law, the proper name for such a claim is "constructive fraud." See Hansen v. Stanley Martin Companies, Inc., 585 S.E.2d 567, 573 n. 4 (Va. 2003) ("Negligent misrepresentation is the essence of a claim for constructive fraud in Virginia."); Goff v. J. Sargeant Reynolds Comm. College, 2004 WL 2093444, at * 2 (Va. Cir. Ct. Sept. 20, 2004) (explaining that plaintiff asserting counts for intentional misrepresentation and negligent misrepresentation really alleged "actual and constructive fraud.") However, the Court will not dismiss Plaintiff Lee's claim merely because it is mislabeled "negligent misrepresentation."

### 2. Breach of Warranty Claims

Defendants argue that Plaintiffs' breach of warranty claims fail to state a claim because Plaintiffs did not plead that they gave Defendants notice of the breach before filing suit.

Under the U.C.C., where a tender of goods has been accepted, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . . ." U.C.C. § 2-607(3)(a). It appears that the weight of authority holds that the U.C.C.'s notice requirements do not rigidly apply to *consumer buyers* who suffered *personal injuries* as a result of the breach of warranty. See, e.g., Connick v. Suzuki Motor Co., Ltd., 675 N.E. 2d 584, 590 (Ill. 1996); Smith v. Stewart, 667 P. 2d 358, 365 (Kan. 1983); Maybank v. S.S. Kresge Co., 273 S.E.2d 681, 684-85 (N.C. 1981).

Plaintiffs point out that South Carolina's version of U.C.C. § 2-607(3)(a) specifically states "no notice of injury to the person in the case of consumer good shall be required." S.C. Code § 36-2-607(3)(a). As for Virginia law and Mississippi law, the cases cited by

Defendants do not hold that consumers who suffer personal injury must give notice before filing a claim for breach of warranty. Accordingly, the Court denies Defendants' motion to dismiss the breach of warranty claims for failure to give notice.

### 3. Unjust Enrichment

Defendants move to dismiss Plaintiff Velma Carter's unjust enrichment claim on the ground that unjust enrichment is not an independent theory of recovery under Mississippi law. Although Carter may not be able to bring a free-standing claim of unjust enrichment, such a claim is not necessarily improper if it is accompanied by predicate claims upon which relief could be granted. See Cole v. Chevron USA, Inc., 554 F. Supp. 2d 655, 673 (S.D. Miss. 2007) (explaining that "a claim for unjust enrichment depends upon a showing of some legally cognizable wrong by which a defendant has been unjustly enriched at the expense of the plaintiff."). It makes little difference whether the claim for the remedy of unjust enrichment is asserted in a separate count or in a prayer for relief.

### III. CONCLUSION

For the reasons discussed above Iovate Copyright Ltd.'s motion to dismiss for lack of personal jurisdiction **[09md2087 - Doc. No. 444 ; 10cv2580 - Doc. No. 11]** is **GRANTED**. Plaintiffs' claims against Iovate Copyright Ltd. are **DISMISSED** due to the lack of personal jurisdiction. Defendants' motion to dismiss **[09md2087 - Doc. No. 445; 10cv2580 - Doc. No. 12]** is **DENIED**. Plaintiffs' motion for leave to file an amended complaint **[09md2087 - Doc. No. 491; 10cv2580 - Doc. No. 14]** is **DENIED AS MOOT**. Defendants shall file an answer to the FAC within 20 days of the entry of this Order.

**IT IS SO ORDERED.**

DATED: May 24, 2011

Honorable Barry Ted Moskowitz
United States District Judge