# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 09md2087 BTM(AJB) |
| STEVE E. SNOW,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>IOVATE HEALTH SCIENCES U.S.A., INC., IOVATE HEALTH SCIENCES GROUP, INC., IOVATE HEALTH SCIENCES RESEARCH, INC., IOVATE HC 2005 FORMULATIONS, LTD., IOVATE HEALTH SCIENCES INTERNATIONAL, INC., MUSCLETECH RESEARCH AND DEVELOPMENT, INC., HDM FORMULATIONS LTD, KERR INVESTMENT HOLDING CORPORATION, BODYBUILDING.COM, LLC, and GENERAL NUTRITION CENTERS, INC.,<br><br>　　　　　　　　　　Defendants. | Case No. 10cv1485 BTM(AJB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS III, VII, AND VIII OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants Iovate Health Sciences U.S.A., Inc., Iovate Health Sciences Group, Inc., Iovate Health Sciences Research Inc., Iovate HC 2005 Formulations Ltd., Iovate Health Sciences International Inc., Muscletech Research and Development Inc., HDM Formulations Ltd., Bodybuilding.com, LLC, and General Nutrition Centers, Inc. ("Defendants") have filed

a motion to dismiss Plaintiff's claims of breach of express warranty (Count III) and breach of implied warranty (Count VII) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants have further moved, pursuant to Federal Rule of Civil Procedure 9(b), to dismiss Plaintiff's claim of fraud and misrepresentation (Count VIII). For the reasons discussed below, Defendants' motion to dismiss is **GRANTED**.

## I. BACKGROUND

On April 29, 2010, Plaintiff filed his complaint in the Western District of Kentucky (Case No. 1:10cv-78-R). On July 16, 2010, the case was transferred to the Southern District of California as a tag-along action to the In re Hydroxycut Marketing and Sales Practices multi-district litigation (Case No. 09md2087) currently pending before the Court. Upon transfer, the case was assigned a separate civil case number in the Southern District of California (Case No. 10cv1485). On August 2, 2010, Defendants filed a motion to dismiss the complaint. On August 18, 2010, the parties filed a joint motion for leave to file an amended complaint. The Court granted this motion and Plaintiff filed his First Amended Complaint ("FAC") on September 3, 2010. On September 24, 2010, Defendants filed a motion to dismiss Count III (breach of express warranty), Count VII (breach of implied warranty) and Count VIII (fraud and misrepresentation) of the FAC. On November 19, 2010, Plaintiff filed his opposition to Defendants' motion to dismiss. On December 3, 2010, Defendants filed a reply in support of their motion to dismiss.

## II. LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. Of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the

speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

**B.     Federal Rule of Civil Procedure 9(b)**

A motion to dismiss under Rule 9(b) tests the sufficiency of a plaintiff's statement of a claim for fraud. Rule 9(b) requires that a plaintiff state a claim for fraud with particularity as follows:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). A court may dismiss a claim of fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1107 (9th Cir. 2003). The Ninth Circuit has confirmed:

> Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.

Id. at 1106 (internal citations and quotation marks omitted).

### III. DISCUSSION

Plaintiff, Steve E. Snow, alleges that he was diagnosed with gall stones, inflammation of the gallbladder, elevated liver enzymes and jaundice after ingesting Hydroxycut Hardcore Liquid Capsules manufactured, marketed and sold by Defendants. FAC ¶ 69. In the FAC, Plaintiff brings eight claims against Defendants, including (1) breach of express warranty, (2) breach of implied warranty, and (3) fraud and misrepresentation. FAC ¶¶ 18-19, 22-23.

### A. Breach of Warranty Claims - Counts III and VII

Privity is a required element to state a claim for breach of express or implied warranty under Kentucky law. See Real Estate Mktg., Inc. v. Franz, 885 S.W.2d 921, 926 (Ky. 1994). At this point, Plaintiff has failed to adequately allege facts that establish privity between him and any of the Product Defendants. Accordingly, Counts III and VII must be dismissed as to the Product Defendants.

Defendants also argue that Plaintiff's breach of express warranty claim fails because Plaintiff has not alleged facts that demonstrate the formation of an express warranty. The Court agrees that Plaintiff has not alleged sufficient facts that provide the basis for an express warranty.

Under Kentucky law, express warranties are created as follows:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

Ky. Rev. Stat. Ann. § 355.2-313(1). To sustain an action for breach of an express warranty, the warranty must be "part of the basis of the bargain" by being relied upon as one of the inducements for purchasing the product. Overstreet v. Norden Labs., Inc., 669 F.2d 1286, 1291 (6th Cir. 1982); see also Salisbury v. Purdue Pharma, L.P., 166 F. Supp. 2d 546, 552 (E.D. Ky. 2001).

Though Plaintiff alleges that he purchased Hydroxycut Hardcore Liquid Capsules because of Defendants' representations through various media, including "magazines such as Men's Health and TV commercials" that they were "safe for use" (FAC ¶ 68), Plaintiff fails to provide specific language that was used by Defendants to assure the Hydroxycut product's safety. Plaintiff does allege that he purchased Hydroxycut Products because of his "reliance on the purported trustworthiness and safety of Hydroxycut Products" (FAC ¶ 65), but Plaintiff does not include any specific allegations about which information he read or heard, and

relied on, before purchasing the Hydroxycut Hardcore Liquid Capsules.

The Court, therefore, grants Defendant's Motion to Dismiss the breach of express warranty claim as pled in Count III of the FAC. The Court also grants Defendant's Motion to Dismiss the breach of implied warranty claim as pled in Count VII of the FAC as to the Product Defendants. Plaintiff shall have leave to amend as to Counts III and VII as set forth herein.

### B.     Fraud and Misrepresentation - Count VIII

Under Kentucky law, the elements of a cause of action for fraud are: "(a) a material representation, (b) which is false, (c) known to be false or made recklessly, (d) made with inducement to be acted upon, (e) acted in reliance thereon, and (f) causing injury." Wahba v. Don Corlett Motors, Inc., 573 S.W.2d 357, 359 (Ky. App. 1978) (internal citation omitted). Rule 9(b) requires that each of these elements be pled with particularity. The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988); Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. See Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

Defendants argue that Plaintiff fails to plead his fraud and misrepresentation claim with the particularity that is required by Rule 9(b). The Court's review of the FAC as a whole reveals that Plaintiff's fraud claim suffers from multiple defects. Plaintiff lumps multiple defendants together, referring to them collectively as "Product Defendants" and "Retail Defendants" and never specifying which defendant did what. Although Plaintiff states that "various media, including, but not limited to, magazines such as Men's Health and TV commercials" misrepresented to Plaintiff that Hydroxycut Hardcore Liquid Capsules were "safe for use" (FAC ¶ 68), Plaintiff does not identify with specificity the purported misrepresentations or specific advertisements or product labeling upon which he actually saw and relied on in making his decision to purchase the Hydroxycut product. In addition,

although Plaintiff quotes some Hydroxycut product packaging (FAC ¶¶ 51-53) and attaches pictures of a Hydroxycut Hardcore product label (FAC ¶ 66), he fails to specify whether the product packaging was on the Hydroxycut Hardcore Liquid Capsules or some other Hydroxycut product, when he was exposed to them "prior to May 2009" (FAC ¶ 65), and which material he relied upon in making his decision to purchase the Hydroxycut Hardcore Liquid Capsules.

The Court, therefore, grants Defendants' Motion to Dismiss Plaintiff's claim of fraud and misrepresentation as set forth in Count VIII of the FAC. The motion is granted without prejudice and Plaintiff is granted leave to amend.

## IV.  CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss [09md2087 (Doc. No. 357); 10cv1485 (Doc. No. 23)] is **GRANTED**.  The breach of express warranty claim (Count III) is dismissed without prejudice as to all Defendants.  The breach of implied warranty claim (Count VII) is dismissed without prejudice as to the following Product Defendants: Iovate Health Sciences U.S.A., Inc.; Iovate Health Sciences Group, Inc.; Iovate Health Sciences Research, Inc.; Iovate Health Sciences Group, Inc.; Iovate Health Sciences International, Inc.; Iovate HC 2005 Formulations, Ltd.; MuscleTech Research and Development, Inc.; HDM Formulations, Ltd.; and Kerr Investment Holding Corporation. The fraud and misrepresentation claim (Count VIII) is dismissed without prejudice as to all Defendants.

//

//

//

//

//

//

1 | The Court grants Plaintiff leave to file a second amended complaint. If Plaintiff chooses to do so, Plaintiff must file his second amended complaint within 30 days of the entry of this Order. Defendants shall file an answer within 20 days of the filing of a second amended complaint or the expiration of the time to file the second amended complaint, whichever comes first.

**IT IS SO ORDERED.**

DATED: July 21, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge