# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 09md2087 BTM(CAB) |
| JERRY MCCULLOUGH,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>IOVATE HEALTH SCIENCES U.S.A. INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 10cv2557 BTM(CAB)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　　Defendants Iovate Health Sciences U.S.A. Inc., Iovate Health Sciences Inc., Iovate Health Sciences Research Inc., Iovate Health Sciences International Inc., Muscletech Research and Development Inc., Vitaquest International, LLC, Wal-Mart Associates, Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores East, LP ("Defendants") have filed a motion to dismiss Counts VI and VII of Plaintiff Jerry McCullough's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Defendants have further moved to dismiss all claims against Wal-Mart. For the reasons discussed below, Defendants' motion to dismiss is **GRANTED**.

//

## I. BACKGROUND

On August 23, 2010, Plaintiff filed his complaint in the Southern District of New York (Case No. 1:10-civ-6317). On December 14, 2010, the case was transferred to the Southern District of California as a tag-along action to the In re Hydroxycut Marketing and Sales Practices multi-district litigation (Case No. 09md2087) currently pending before the Court. Upon transfer, the case was assigned a separate civil case number in the Southern District of California (Case No. 10cv2557). On January 19, 2011, Defendants filed a motion to dismiss Counts VI and VII of the complaint, and all claims against Wal-Mart. On February 25, 2011, Plaintiff filed his opposition to Defendants' motion to dismiss. On March 4, 2011, Defendants filed a reply in support of their motion to dismiss.

After Defendants filed their motion to dismiss, Plaintiff filed a First Amended Complaint (FAC) pursuant to a stipulation of the parties. The Court construes the motion to dismiss to apply to the FAC, filed on April 28, 2011.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in a plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. Of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (internal quotation

marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

**B. Federal Rule of Civil Procedure 9(b)**

A motion to dismiss under Rule 9(b) tests the sufficiency of a plaintiff's statement of a claim for fraud. Rule 9(b) requires that a plaintiff state a claim for fraud with particularity as follows:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). A court may dismiss a claim of fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1107 (9th Cir. 2003). The Ninth Circuit has confirmed:

> Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.

Id. at 1106 (internal citations and quotation marks omitted).

## III. DISCUSSION

Plaintiff, Jerry McCullough, alleges that he was diagnosed with a subarachnoid hemorrhage after ingesting Hydroxycut Regular Rapid Release Caplets[1] manufactured, marketed and sold by Defendants. FAC ¶¶ 2, 26. In the FAC, Plaintiff brings six claims against Defendants, including a fraud-based claim (Count VI) against the "Muscletech Defendants" (Kerr Investments, Iovate Health Sciences U.S.A. Inc., Iovate Health Sciences, Inc., Iovate Health Sciences Research, Inc., Iovate Health Sciences International, Inc. and Muscletech Research and Development, Inc.) and five product liability claims (Counts I-V) against all Defendants, including Wal-Mart. Plaintiff does not include a claim for a violation

---

[1] Although Plaintiff does not specify in his FAC which Hydroxycut product he purchased and ingested, the Court assumes that it was the Hydroxycut Regular Rapid Release Caplets based on Plaintiff's original complaint. Compl. ¶¶ 53-54.

of New York General Business Law Section 349 in his FAC.

## A.   Deceit: Intentional Misrepresentation, Negligent Misrepresentation and Concealment

Under New York law, the elements of a cause of action for fraud are: "(1) misrepresentation or material omission of material fact that was false and known by defendant to be false, (2) was made for purpose of inducing plaintiff to rely on it, and (3) was justifiably relied upon by plaintiff (4) who then suffered injury as result of such reliance." City of New York v. Cyco.Net, Inc., 383 F. Supp. 2d 526, 564 (S.D.N.Y. 2005) (internal citations omitted). Rule 9(b) requires that each of these elements be pled with particularity. The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988).[2] Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. See Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

Defendants argue that Plaintiff fails to plead his fraud-based claim with the particularity that is required by Rule 9(b). The Court's review of the FAC as a whole reveals that Plaintiff's fraud-based claim suffers from multiple defects. Plaintiff lumps multiple defendants together, referring to them collectively as "Muscletech Defendants" and never specifying which defendant did what. Although Plaintiff quotes the Hydroxycut website, product labels, inserts and other advertising in general (FAC ¶¶ 35-36, 87), Plaintiff fails to specify that he was exposed to these statements, when he was exposed to them, and which material he relied upon in making his decision to purchase and ingest the Hydroxycut Regular Rapid Release Caplets or any other Hydroxycut product. Plaintiff simply refers to the Hydroxycut Regular Rapid Release Caplets (FAC ¶¶ 26-27) but does not specify which particular

---

[2] The Second Circuit has similarly interpreted Rule 9(b). See Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989) ("To satisfy the particularity requirement of Rule 9(b), a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.").

Hydroxycut product he actually purchased and ingested.

The Court, therefore, grants Defendants' motion to dismiss Plaintiff's fraud-based claim as set forth in Count VI of the FAC. The motion is granted without prejudice and Plaintiff is granted leave to amend.

### B.    New York General Business Law Section 349

Defendants' motion to dismiss Count VII (violation of New York General Business Law Section 349) of Plaintiff's original complaint is deemed moot because Plaintiff's FAC does not include the same claim. Accordingly, Plaintiff's claim for a violation of New York General Business Law Section 349 is also deemed withdrawn.

### C.    Product Liability Claims Against Wal-Mart

Defendants contend that all of Plaintiff's product liability claims against Wal-Mart should be dismissed because Plaintiff does not allege that Wal-Mart was in any way responsible for the product that caused Plaintiff's injury. The Court agrees.

In any product liability claim, a plaintiff must establish a connection between the defendant and the defective product that caused the plaintiff's injuries. In re Rezulin Products Liability Litigation, 133 F. Supp. 2d 272, 286 n.45 (S.D.N.Y. 2001) (internal citations omitted). Plaintiff states that Wal-Mart sold "Hydroxycut products" to Plaintiff (FAC ¶ 20) but fails to specify which Hydroxycut product allegedly caused Plaintiff's injury and that Plaintiff purchased that specific Hydroxycut product from Wal-Mart.

The Court, therefore, grants Defendants' motion to dismiss Plaintiff's product liability claims against Wal-Mart. The motion is granted without prejudice and Plaintiff is granted leave to amend.

### IV.  CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss [09md2087 (Doc. No. 466); 10cv2557 (Doc. No. 12)] is **GRANTED**.

The Court grants Plaintiff leave to file a second amended complaint. If Plaintiff

chooses to do so, Plaintiff must file his second amended complaint within 30 days of the entry of this Order. Defendants shall file an answer within 20 days of the filing of a second amended complaint or the expiration of the time to file the second amended complaint, whichever comes first.

**IT IS SO ORDERED.**

DATED: August 29, 2011

*[signature: Barry Ted Moskowitz]*

Honorable Barry Ted Moskowitz
United States District Judge