# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | CASE NO. 09md2087 BTM (KSC) |
| _____ ERIN L. STAMMER, <br>                  Plaintifs, <br> vs. <br> IOVATE HEALTH SCIENCES, U.S.A., INC., et al., <br>                  Defendants. | CASE NO.  11cv1598 BTM(KSC) <br><br> **ORDER DENYING MOTION TO SET ASIDE DISMISSAL** |

Plaintiff Erin L. Stammer has filed a motion under Fed. R. Civ. P. 60 to set aside the judgment of dismissal.  For the reasons discussed below, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## I. FACTS

On April 4, 2012, Defendant Iovate Health Sciences U.S.A., Inc. ("Defendant") filed a request for dismissal of Plaintiff's claims for failure to provide a timely Plaintiff Fact Sheet

("PFS") in accordance with the Court's May 17, 2010 order and Case Management Order ("CMO") dated September 10, 2010.

The CMO outlines the procedure in the event of any deficiencies relating to a PFS. According to the CMO, certain deficiencies, including failure to serve a PFS, shall be deemed "Threshold Deficiencies."  After receipt of a Deficiency Notice that identifies a Threshold Deficiency, a Plaintiff shall have 25 days to cure the deficiencies.  If the Plaintiff fails to cure any Threshold Deficiency identified in the Deficiency notice, Defendant may file the Deficiency Notice and Request for Dismissal with the Court.

After the filing of a Request for Dismissal, the CMO provides that the Plaintiff has an additional fifteen (15) days to serve a certification that Plaintiff has served a PFS curing the Threshold Deficiency (and all the required authorizations identified in its instructions), and must attach appropriate documentation demonstrating such service.  Absent such certification, Defendant's Request for Dismissal shall be granted and the case dismissed without prejudice.

On August 22, 2011, October 6, 2011, and October 12, 2011, Defendant's counsel corresponded with Plaintiff's counsel, informing Plaintiff's counsel that Plaintiff had not completed a Claimant Information Sheet ("CIS"), which was required to participate in mediation, or a PFS.  (Exs. A, B, and C to Herman Decl. in support of Request for Dismissal).  On December 12, 2011, Plaintiff provided a CIS but did not provide a PFS. (Herman Decl. ¶ 5.)

On March 1, 2012, Defendant mailed a Deficiency Notice to Plaintiff's counsel identifying Plaintiff's failure to timely provide a PFS.

On April 9, 2012, the Court ordered Plaintiff to show cause why her claims against Defendant should not be dismissed.  The Court informed Plaintiff that if she did not, by April 19, 2012, file and serve a certification that she had completed and provided Defendant with a PFS and all required authorizations, her claims were subject to dismissal without prejudice. The Court also directed Plaintiff to respond to the OSC on or before April 25, 2012.  Plaintiff did not file a certification or a response to the OSC.

Accordingly, on April 27, 2012, the Court dismissed Plaintiff's claims without prejudice. That same day, the Clerk entered judgment dismissing Plaintiff's claims without prejudice.

## II. DISCUSSION

Plaintiff moves to set aside the judgment of dismissal on the ground of mistake or excusable neglect. Fed. R. Civ. P. 60(b)(1). As discussed below, the Court finds that such relief is not warranted.

The term "excusable neglect" extends to cases of negligence, carelessness, and inadvertent mistake. Bateman v. United States Postal Service, 231 F.3d 1220 (9th Cir. 2000). In determining whether negligence on the part of counsel constitutes "excusable neglect," courts consider the following four factors set forth in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Bateman, 231 F.3d at 1223.

Plaintiff contends that she believed that she had complied with all relevant deadlines. She states that Defendant now has all of the requested documents and has therefore suffered no prejudice.

However, as of the filing of Defendant's Opposition to Plaintiff's motion, Plaintiff had not provided Defendant with a PFS. Plaintiff has not filed anything with the Court showing that a completed PFS has been provided to Defendant. In December 2011, Plaintiff provided Defendant with a CIS, but never provided Defendant with a PFS. It was clear from the correspondence between Defendant's counsel and Plaintiff's counsel that the PFS was a separate and additional requirement. In the Request for Dismissal [Doc. No. 22], Defendant's counsel reiterated that although they had received a CIS from Plaintiff, they had not received a completed PFS.

Plaintiff did not respond to the OSC. If Plaintiff somehow believed that she was in compliance with the OSC and all relevant deadlines, she should have filed a response to that effect. Instead, Plaintiff remained silent, and the case was dismissed. Plaintiff does not explain why she failed to respond to the OSC.

Significantly, Plaintiff did not provide Defendant with a completed PFS upon filing this motion.[1] The CMO provides:

> In the event that Plaintiff discovers any material information that it did not, and through ordinary diligence could not, possess prior to a dismissal without prejudice pursuant to the procedures above, Plaintiff shall have sixty (60) days from the entry of the order of dismissal without prejudice to file a motion to reinstate the original complaint against the Defendant(s) dismissed pursuant to the procedures in this Order.  Plaintiff's motion shall be accompanied by either (a) a signed consent to the reinstatement by the dismissed Defendant(s), or (b) a completed and signed PFS and supporting documentation.

Even setting aside the requirement of newly discovered material information, Plaintiff has failed to submit a signed consent to reinstatement by Defendant or a completed and signed PFS and supporting documentation.

Defendant has been trying to get Plaintiff to provide the PFS for almost a year now.  The delay caused by Plaintiff is significant.  Plaintiff has not provided an adequate explanation for her failure to provide the PFS and, even worse, apparently still has not provided the PFS.

The Court finds that relief under Rule 60(b)(1) is not warranted and therefore denies without prejudice Plaintiff's request to set the judgment of dismissal aside.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's motion to reopen and/or set aside dismissal (Doc. No. 29) is **DENIED WITHOUT PREJUDICE**.  The Court is disturbed by what appears to be a lack of diligence on Plaintiff's counsel's part.  The Court is even more concerned that Plaintiff's counsel has displayed a lack of respect for the Court.  Even if Plaintiff's counsel was confused about the difference between a CIS and a PFS, he should have filed a response to the Court's OSC, explaining that he believed that he had complied with all requirements.  When, in opposition to the motion to set aside, Defendant pointed out that the PFS was a separate requirement, Plaintiff's counsel should have promptly admitted his mistake to the Court in a reply and should have served Defendant with the PFS.

---

[1] On May 6, 2012, after the case was dismissed, Plaintiff provided Amendment 1 to the PFS.  However, it appears that no PFS has been provided to Defendant.

However, the Court is reluctant to deprive Plaintiff of the opportunity to pursue her claims based on her counsel's conduct.  Therefore, the Court will consider setting aside the dismissal if, within 30 days: (1) Plaintiff's counsel pays to Defendant's counsel the sum of $1,000, representing reasonable attorney's fees for bringing the motion to dismiss and opposing the motion to set aside (4 hours at $250 per hour); (2) Plaintiff serves a complete PFS on Defendant; (3) Plaintiff files a certification with the Court that Plaintiff has served Defendant with the PFS and that Plaintiff's counsel has paid the $1,000 to Defendant's counsel; and (4) Plaintiff files a new motion to set aside the dismissal based on Plaintiff's compliance with the Court's requirements.

**IT IS SO ORDERED.**

DATED:  July 23, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court