# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No.  09md2087 BTM(KSC) |
| GILBERT LAURELES,<br><br>　　　　Plaintiff,<br>　　v.<br>IOVATE HEALTH SCIENCES USA, INC., et al.<br><br>　　　　Defendants. | Case No. 11cv1325 BTM(KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

　　　Defendants Iovate Health Sciences U.S.A., Inc., Iovate Health Sciences International Inc., Kerr Investment Holding Corp. f/k/a Iovate Health Sciences Group Inc., Iovate Health Sciences Research Inc., Iovate HC 2005 Formulations Ltd. n/k/a HDM Formulations Ltd., Muscletech Research and Development Inc., General Nutrition Centers, Inc., and GNC Corporation (collective "Defendants") have filed a motion to dismiss Count V of the Complaint and Plaintiff's claim for exemplary damages.  For the reasons discussed below, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

//
//
//

## I. BACKGROUND

On May 2, 2011, Plaintiff Gilbert Laureles commenced this action in the Northern District of Texas. Subsequently, the action was transferred to the Southern District of California as a tag-along action to the In re Hydroxycut Marketing and Sales Practices multi-district litigation currently pending before the Court. Upon transfer, the case was assigned a separate civil case number in the Southern District of California (Case No. 11cv1325 BTM(KSC)).

Plaintiff alleges that he purchased a Hydroxycut product from GNC in Abilene, Texas. (Compl. ¶ 7.1.) In May 2009 and thereafter, Plaintiff suffered injuries, including, but not limited to, liver injury and pancreatitis. (Compl. ¶ 7.3.) Plaintiff alleges that the Hydroxycut product was unsafe because it could cause serious injury to users. (Compl. ¶ 6.12.) Plaintiff alleges that Defendants failed to inform consumers regarding the heath risks posed by the Hydroxycut products and made misrepresentations regarding the products' safety in labeling and packaging. (Compl. ¶ 6.13.)

Plaintiff asserts the following claims against Defendants: (1) strict products liability; (2) negligence; (3) misrepresentation of facts; (4) breach of implied warranty; and (5) fraudulent concealment.

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

### III. DISCUSSION

Defendants move to dismiss Plaintiff's fraudulent concealment claim as well as Plaintiff's claim for exemplary damages.

Plaintiff represents that he does not oppose the dismissal of his fraudulent concealment claim. Therefore, the Court grants Defendants' motion as to Count V.

Defendants also move to dismiss Plaintiff's claim for exemplary damages. In Paragraphs 15.1 and 15.2 of the Complaint, Plaintiff alleges that Defendants should be punished for their actions through the imposition of punitive damages. According to Plaintiff, "the conduct of Defendants involved either deliberate or purposeful injury to him or actual subjective awareness that serious injury was highly probable, and that such conduct objectively involved an extreme degree of risk or serious injury to him. Said malice or gross negligence was a proximate cause of the injuries and damages suffered by Plaintiff as set out herein." (Compl. ¶ 15.2.)

Defendants contend that Plaintiff has failed to set forth factual allegations supporting his claim for exemplary damages. Under Texas law, exemplary damages may be awarded if the plaintiff proves by clear and convincing evidence that the harm suffered by the plaintiff results from fraud, malice, or gross negligence.[1]  Tex. Civ. Prac. & Rem. Code Ann. §

---

[1] Because this case was originally filed in Texas, this Court applies the choice of law rules of Texas. See In re Air Crash at Detroit Metropolitan Airport, 791 F. Supp. 1204, 1232 (E.D. Mich 1992). Under Texas law, the law of the state of the injury is applicable unless another state has a more significant relationship to the parties and issues). Enterprise Prod. Partners, LP v. Mitchell, 340 S.W.3d 476, 480 (Tex. App. 2011). It appears that Plaintiff's injuries occurred in Texas, and there has been no showing that another state has a more significant relationship to the parties. Therefore, the Court applies Texas law.

41.003. "Gross negligence" is defined as an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code Ann. § 41. The "extreme degree of risk" prong is satisfied by "the likelihood of serious injury" to the plaintiff. Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 22 (Tex. 1994).

Malice exists where the defendant's conduct was "willfully committed with ill will, evil motive, or gross indifference or reckless disregard for the rights of others." Missouri Pacific R.R. Co. v. Lemon, 861 S.W.2d 501, 517 (Tex. App.1993). In order to establish malice, "a plaintiff need not prove the defendant acted with personal spite, but may simply prove the defendant committed negligent acts in reckless disregard of another's rights and with indifference as to whether that party would be injured." Id.

The Court finds that Plaintiff has alleged sufficient facts to support a plausible claim for exemplary damages. Plaintiff alleges that after the Hydroxycut products containing the "herbal" chemical ephedra were revealed to cause serious injuries and death, Defendants reformulated the Hydroxycut products by removing ephedra and substituting other "herbal" products that had similar sympathomimetic stimulant effects for the purpose of weight loss and boosted energy. (Compl. ¶ 6.4.) Despite the serious health problems caused by the ephedra formulation, Defendants allegedly failed to undertake scientifically valid or reliable safety studies for the reformulated products and simply made them available to consumers. (Compl. ¶ 6.5.) Defendants knew or should have known about the potential serious dangers of herbal toxicity in susceptible users, but did not inform consumers of these risks and instead represented that the products had been researched and tested. (Compl. ¶¶ 6.7, 6.8, 6.10.) According to Plaintiff, the reformulated Hydroxycut products were in fact unsafe and could cause serious injury to susceptible users. (Compl. ¶ 6.12.)

Under the facts alleged by Plaintiff, Defendants acted with reckless disregard for the

safety of others when it released the reformulated Hydroxycut product to consumers without adequate testing. Defendants knew that the ephedra formulation resulted in serious injury and death yet proceeded to sell the new formulation, which contained different herbal products with similar sympathomimetic stimulant effects, without making sure that it was safe. Thus, Defendants knew or should have known that there was a likelihood of serious injury to susceptible users.

Plaintiff has sufficiently alleged that Defendants acted with gross negligence and malice. Therefore, the Court denies Defendants' motion to dismiss Plaintiff's exemplary damage claim.

### IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to Count V of the Complaint (fraudulent concealment), which is **DISMISSED**. The motion is denied as to Plaintiff's claim for exemplary damages. Defendants shall file an answer to the Complaint within 15 days of the entry of this Order.

**IT IS SO ORDERED.**

DATED: August 10, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court