FILED

12 DEC 19 PM 2:06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No.:   3:09-MD-02087-BTM(KSC) |
| ANDREW DREMAK, on Behalf of Himself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>vs.<br><br>IOVATE HEALTH SCIENCES GROUP, INC., *et al.*,<br><br>Defendants. | Case No.:   3:09-CV-01088-BTM(KSC)<br><br>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT<br><br>Courtroom:   F, First Floor<br>Judge:          The Hon. Karen S. Crawford<br><br>[Doc. No. 1609] |

WHEREAS, Plaintiff Andrew Dremak in this action entitled *Dremak v. Iovate Health Sciences Group, Inc.*, et al., No. 3:09cv1088 and Defendants Iovate Health Sciences Inc., Iovate Health Sciences U.S.A., Inc., and Kerr Investment Holding Corp. have entered into a Stipulation of Settlement ("Stipulation"), filed November 2, 2012, after substantial discovery and lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits, and the record in this Action;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application and the supporting memorandum for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**The Settlement Class Is Preliminarily Certified**

1. If not otherwise defined herein, all capitalized terms have the same meanings as set forth in the Stipulation of Settlement.

2. Pursuant to Federal Rules of Civil Procedure, Rule 23, and for settlement purposes only, the Court hereby preliminarily certifies this Action as a class action on behalf of the following Settlement Class:

> All persons who purchased in the United States any of the Hydroxycut Products between May 9, 2006 and May 1, 2009, inclusive.

3. Excluded from the Settlement Class are: (i) those who purchased Hydroxycut Products for the purpose of resale; (ii) those with claims for personal injuries arising from the ingestion of one or more Hydroxycut Products; (iii) Iovate and its officers, directors and employees; (iv) any person who files a valid and timely Request for Exclusion; and (v) the Judge(s) to whom this Action is assigned and any members of their immediate families.

4. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Stipulation is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Stipulation is not finally approved by this Court or otherwise does not take effect.

5. With respect to the Settlement Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative and Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Class Counsel and the Class Representative are hereby found to be adequate representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court hereby appoints Andrew Dremak as the Class Representative of the Settlement Class. Having considered the factors set forth in Rule 23(g)(1), the Court hereby designates Timothy G. Blood of Blood Hurst & O'Reardon, LLP and Elaine Ryan of Bonnett, Fairbourn, Friedman, & Balint, P.C., whom the Court finds are experienced and adequate counsel, as Class Counsel.

**The Stipulation Is Preliminarily Approved and Final Approval Schedule Set**

7. The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

8. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls

within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

9. Pursuant to of the Federal Rules of Civil Procedure, Rule 23(e) the Court will hold a final approval hearing on _____, 2013, at _____ a.m./p.m., in the Courtroom of the Honorable Barry T. Moskowitz, United States District Court for the Southern District of California, 940 Front Street, San Diego, CA 92101, for the following purposes:

(a) finally determining whether the Settlement Class meets all applicable requirements of Federal Rules of Civil Procedure, Rule 23 and, thus, the Settlement Class claims should be certified for purposes of effectuating the settlement; determining whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

(b) considering the application of Class Counsel for an award of attorneys' fees and expenses as provided for under the Stipulation;

(c) considering the application for service awards to Plaintiff, Consolidated Complaint Plaintiffs, and Other Class Plaintiffs as provided for under the Stipulation;

(d) considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

(e) whether the release by the Settlement Class Members of the Released Claims as set forth in the Stipulation should be provided; and

(f) ruling upon such other matters as the Court may deem just and appropriate.

10. The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

11. Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

12. The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

13. Opening papers in support of final approval of the Stipulation and any application for attorneys' fees and expenses and/or plaintiff service awards must be filed with the Court and served at least 45 days prior to the Final Approval Hearing. Reply papers, if any, must be filed and served at least 7 days prior to the Final Approval Hearing.

**The Court Approves the Form and Method of Class Notice**

14. The Court approves, as to form and content, the proposed Long-form Notice and Publication Notice (collectively the "Class Notice"), which are Exhibits 3 and 4, respectively, to the Stipulation of Settlement on file with this Court.

15. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Stipulation of Settlement meet the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

16. The Court approves the designation of Epiq Systems and Boston Financial Data Services, to serve as the Court-appointed Settlement Administrator for the settlement. The Settlement Administrator shall disseminate Class Notice as detailed in the Amended Declaration of Cameron R. Azari on Notice Plan and Notices, which was filed on December 11, 2012. [Doc. No. 1620.] The Settlement Administrator shall also supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Settlement Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

17. The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, the Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all exhibits thereto, and such

other information as may be of assistance to Settlement Class Members or required under the Stipulation.

18. The Settlement Administrator is ordered to substantially complete dissemination of the Class Notice no later than 60 days before the date first set for the Final Approval Hearing.

19. The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Claims Administrator and Class Notice expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of the Stipulation.

**Procedure for Settlement Class Members to Participate In the Settlement**

20. Settlement Class Members who wish to claim a settlement award must submit their Claim Form and supporting documentation no later than 30 days after the Court first sets a date for the Final Approval Hearing. Such deadline may be further extended without notice to the Settlement Class by Court order, by agreement between the Parties, or as set forth in the Stipulation.

**Procedure for Requesting Exclusion from the Class**

21. Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a request for exclusion to the Settlement Administrator postmarked or delivered no later than 30 days before the Final Approval Hearing (the "Opt-Out Date"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

22. Any Settlement Class Member who does not send a signed request for exclusion postmarked or delivered on or before the Opt-Out Date will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the Person desires to be

excluded from the Settlement Class. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

23. A list reflecting all requests for exclusions shall be filed with the Court by Defendant at or before the Final Approval Hearing.

**Procedure for Objecting To the Settlement**

24. Any Settlement Class Member who desires to object to the proposed settlement, including the requested attorneys' fees and expenses or service awards to the Consolidated Complaint Plaintiffs must timely file with the Clerk of this Court a notice of the objection(s), together with all papers that the Settlement Class Member desires to submit to the Court no later than 30 days prior to the date first set for the Final Approval Hearing (the "Objection Date"). The objection must also be served on Class Counsel and Defendant's counsel no later than the Objection Date. The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Date provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Defendant's counsel. In addition to the filing with this Court, such papers must be sent to each of the following persons:

| | |
|---|---|
| Timothy G. Blood<br>Blood Hurst & O'Reardon, LLP<br>701 B Street, Suite 1700<br>San Diego, CA  92101<br>Telephone: 619/338-1100 | Arturo J. Gonzalez<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone: 414/268-7000 |

25. The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a statement that the objector purchased Hydroxycut Products during the class period; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's signature.

26. Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person

or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees. Settlement Class Members or their attorneys who intend to make an appearance at the Final Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice and to Defendant's counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing.

27. Any Settlement Class Member who fails to comply with the provisions of the preceding paragraph shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

28. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Stipulation.

IT IS SO ORDERED.

DATED: 12/18/12

_____
KAREN S. CRAWFORD
UNITED STATES MAGISTRATE JUDGE