**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION<br><br>ANDREW DREMAK, on Behalf of Himself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>IOVATE HEALTH SCIENCES GROUP, INC., et al.,<br><br>Defendants. | CASE NO. 09md2087 BTM(KSC)<br><br>CASE NO. 09cv1088 BTM(KSC)<br><br>**ORDER ON MOTIONS TO STRIKE OBJECTIONS; ORDER DENYING MOTION FOR RECONSIDERATION** |

    In their response in support of final approval of the class action settlement, Co-Lead Class Counsel moved to strike the objections filed by Sasha McBean, Tim Blanchard, Fatima Dorego, and Michelle Rodriguez.

    For the reasons set forth on the record at the final approval hearing on October 22, 2013, the Court **GRANTS** the motion to strike with respect to Sasha McBean and Tim Blanchard because the Court has already held that they lack

standing [Order Striking Objections - 09cv1088 - Doc. 242]. Ms. McBean's and Mr. Blanchard's Objections [09cv1088- Docs. 243, 244; 09md2087 - Docs. 1683, 1684] shall be stricken.

On October 17, 2013, Mr. Blanchard filed a Notice of Appeal. That same day, the Court received Mr. Blanchard's Motion for Reconsideration, which was accepted for nunc pro tunc filing on October 18, 2013. A notice of appeal does not divest the district court of jurisdiction if, at the time it was filed, there was a pending motion for reconsideration. United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001). However, a district court lacks jurisdiction to entertain a Rule 60(b) motion filed after a notice of appeal. Katzir Floor & Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Court of Appeal], if appropriate, for remand of the case." Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004).

Here, it seems that the Motion for Reconsideration and Notice of Appeal were filed simultaneously. It is unclear whether, in this instance, the Court has jurisdiction to entertain the motion for reconsideration. However, even if the Court had jurisdiction, the Court would deny the motion. Mr. Blanchard claims that he has established standing by satisfying the requirements for making a claim. However, the Court previously held that when, as here, questions are raised regarding an objector's standing, the Court may require that the objector establish that he purchased the product at issue, even if a claim can be made without any proof of purchase at all. The Court provided Mr. Blanchard the opportunity to appear at an evidentiary hearing, which was originally scheduled for May 30, 2013, but was continued due to Mr. Palmer's withdrawal as attorney for the Objectors and the Objectors' failure to appear. Mr. Blanchard did not appear at the continued evidentiary hearing on June 13, 2013, and never filed any request

1  to proceed via video conference or video deposition, or to continue the hearing.
2  Therefore, the Court found that Mr. Blanchard had not carried his burden of
3  proving standing as a class member.  Mr. Blanchard has not shown that the Court
4  committed error in striking his objection.  Accordingly, Mr. Blanchard's motion for
5  reconsideration [09cv1088- Doc. 259; 09md2087 - Doc. 1699] is **DENIED** either
6  for lack of jurisdiction or on the merits.

7  The Court **GRANTS** the motion to strike the Objection of Fatima Dorego
8  based on the representation of her attorney, Mr. Palmer, that Ms. Dorego will not
9  appear at any evidentiary hearing ordered by the Court for purposes of
10 establishing standing.  The Court finds that Ms. Dorego should have to
11 demonstrate standing because Class Counsel raises questions regarding whether
12 Ms. Dorego actually signed the claim form.  Because Ms. Dorego refuses to
13 appear at an evidentiary hearing, the Court finds that she has failed to establish
14 standing and orders her Objection [09cv1088 - Doc. 251; 09md2087 - Doc. 1688]
15 stricken.

16 The Court **DENIES WITHOUT PREJUDICE** the motion to strike the
17 Objection of Michelle Rodriguez.  An Order to Show Cause re: the standing of
18 Michelle Rodriguez is scheduled for **November 13, 2013, at 1:30 p.m.**  As
19 discussed at the hearing, counsel for the parties and counsel for Ms. Rodriguez
20 may suggest alternate methods of obtaining Ms. Rodriguez's testimony, given
21 that Ms. Rodriguez lives in Texas.

23 **IT IS SO ORDERED.**
24 DATED:  October 24, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court