**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION

---

ANDREW DREMAK, on Behalf of Himself, All Others Similarly Situated and the General Public,

Plaintiff,

v.

IOVATE HEALTH SCIENCES GROUP, INC., et al.,

Defendants.

CASE NO. 09md2087 BTM (KSC)

CASE NO. 09cv1088 BTM(KSC)

**ORDER GRANTING REQUEST FOR CLARIFICATION; DENYING MOTION TO STRIKE OBJECTION TO THE EXTENT THAT IT ARGUES LACK OF STANDING DUE TO FAILURE TO SUBMIT CLAIM FORM**

Plaintiff Andrew Dremak has requested clarification from the Court regarding whether the Court has rejected Plaintiff's argument that Objector Michelle Rodriguez lacks standing because she did not submit a claim form. The Court **GRANTS** Plaintiff's request for clarification and **DENIES** Plaintiff's motion

to strike Rodriguez's objection to the extent that Plaintiff relies on the argument that Rodriguez lacks standing due to her failure to submit a claim form.

As pointed out by Plaintiff, the Ninth Circuit has held that an objector who does not participate in a settlement lacks standing to challenge class counsel's attorney's fees. See Rodriguez v. Disner, 688 F.3d 645, 660 n. 11 (9th Cir. 2012); Knisley v. Network Assoc., Inc., 312 F.3d 1123, 1128 (9th Cir. 2002). The Ninth Circuit explains that such an objector lacks standing because "without a stake in the common fund pot, a favorable outcome would not redress their injury." Rodriguez, 688 F.3d at 660, n.11.

Here, however, Rodriguez not only challenges the attorney's fees but also objects to the product component of the settlement, the monetary component of the settlement, the restriction to one $25 payment or one Product Bundle without proof of purchase, and the *cy pres* provisions. The Court finds that although Rodriguez does not have standing to object to the attorney's fees, and may not have standing to object to the product component, monetary component, or the proof of purchase requirements, she does have standing to object to the *cy pres* distribution (if she purchased a Hydroxycut Product between May 9, 2006 and May 1, 2009).

The *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to indirectly benefit the entire class. Six Mexican Workers v. Ariz.Citrus Growers, 904 F.2d 1301, 1305 (9th Cir. 1990). When employing the *cy pres* doctrine, unclaimed funds should be put to their next best use, e.g., for "the aggregate, indirect, prospective benefit of the class." Nachshin v. AOL, LLC, 663 F.3d 1034, 1038 (9th Cir. 2011) (quoting Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 436 (2d Cir. 2007)). Thus, all members of the class, not just members participating in the settlement, have an interest in the *cy pres* distribution.

Even though Rodriguez did not submit a claim form, she may still benefit from the *cy pres* distribution of remaining funds and has standing to object to the *cy pres* provisions if she establishes that she is a member of the Settlement Class. Accordingly, the Court will not strike Rodriguez's objections on the ground that she did not file a claim to participate in the settlement distribution.

**IT IS SO ORDERED.**

DATED: November 12, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court